MICHAEL E. PATERNO REALTY Co., Appellant, *v.* JOSEPH HATTENBACH, Respondent.

(Supreme Court, Appellate Term, First Department, January Term — filed May, 1921.)

**Trespass — when action against tenant for, will not lie — landlord and tenant — bill of particulars.**

Under the so-called Emergency Rent Laws of 1920, a landlord cannot, by bringing an action in trespass instead of for rent, deprive his tenant of the right to a bill of particulars and of the other special protection given him under said laws.

Where the landlord in an action in trespass against a tenant who did not remove from the premises on September 30, 1920, the end of his term, establishes the status of the defendant as a statutory tenant who cannot be dispossessed so long as he is ready to pay a reasonable rent, a judgment in favor of plaintiff for the rent at the old rate will be affirmed, although a denial of a motion to dismiss the complaint, on the ground that the action would not lie under the new rent laws, was error.

APPEAL by plaintiff from judgment of Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of plaintiff for $266.55.

Frederic H. McCoun (Francis M. Scott, I. Maurice Wormser, W. B. Symmes, Jr., of counsel), for appellant.

Mark Aaron, for respondent.

McCook, J. This is an action in trespass brought by a landlord. The defendant was a tenant under a written lease expiring September 30, 1920, and not renewed or extended. The tenant did not remove at the end of his term. The summons bore the indorsement "Action for trespass on and after October 1st, 1920, at 895 West End Avenue."

At the trial, on the opening statement of plaintiff's counsel, defendant moved to dismiss the complaint on the ground that an action for trespass cannot be maintained under the new rent laws during the period ending November 1, 1922, where a tenant is holding over as here. This was refused by the trial justice. The trial then proceeded and plaintiff tried the action on the theory of trespass, and judgment was given for plaintiff, the court below specifying in the decision and judgment that said sum represented October and November rent at the old rate of rental, namely, $133.33 per month, and from this judgment plaintiff appeals.

The plaintiff claims that when a tenant's term expires the landlord may either treat him as a tenant for a new term or as a trespasser. The defendant contends that the action for trespass has been suspended until November 1, 1922, and that the landlord in an action against a holdover tenant is relegated to an

action for use and occupation in the manner provided by the Emergency Rent Laws.

This appeal raises squarely the question whether under the so-called Emergency Rent Laws a landlord may, by bringing an action in trespass instead of an action for rent, deprive the tenant of the right to a bill of particulars and of the other special protection given him under this legislation. In our opinion he cannot.

Trespass is not expressly mentioned in the rent laws under consideration and plaintiff claims that it cannot be deprived by implication of its right to select this remedy.

An examination of the opinions of the Court of Appeals in the cases of *People ex rel. Durham Realty Corporation* v. *LaFetra,* 230 N. Y. 429; *Guttag* v. *Shatzkin,* Id. 647, and *Levy Leasing Co.,Inc.,* v. *Siegel,* Id. 634, decided March 8, 1921, does not disclose that the court has passed expressly upon the point. These opinions do, however, in the course of analyzing the laws in question, describe the intention of the legislature and the effect of the acts in a fashion which leaves no room for doubt.

In *People ex rel. Durham Realty Corporation* v. *LaFetra, supra,* Pound, J., said: " The presumption is created that any demand for rent greater than that in any year prior to such demand is unreasonable and oppressive."

He states that chapter 944 of the Laws of 1920 preserves the action for rent, provides that the plaintiff may recover a fair and reasonable rent for the premises, and further provides that on default of payment of the fair rental value the landlord may obtain possession of his premises by a dispossess warrant.

And again: " No tenant is forced out of his home so long as he pays the fair monthly rent, but a dis-

possess warrant may be issued if he fails to pay. A comprehensive substitute for the possessory remedies thus becomes the keystone of the arch.'' The court thus describes what is taken: '' What is taken is the right to use one's property oppressively and it is the destruction of that right that is contemplated. * * * The purpose of these laws is temporarily to deprive landlords of all power to enforce covenants to quit in leases, although made prior to the enactment of the laws.''

In *Guttag* v. *Shatzkin, supra,* Crane, J., says: '' The legislature by the laws in question has simply prevented such a catastrophe by requiring landlords at reasonable rental to keep tenants until normal building conditions have returned.''

So far as the present case is concerned, the purpose of chapter 944 of the Laws of 1920 is not differently regarded by McLaughlin, J., when he states in his dissenting opinion in *Levy Leasing Co., Inc.,* v. *Siegel, supra,* that they deny '' to the landlord until that time (Nov. 1, 1922), the aid of the courts to obtain possession of the premises leased, where the tenant's lease had terminated or he had defaulted in payment of rent, providing he were willing to pay a reasonable rent, to be determined in a judicial proceeding.''

To hold, as plaintiff now asks us to do, that a landlord may bring an action in trespass instead of for rent, and fail before trial to provide a bill of particulars would be to nullify the legislation in question, flood the courts with such actions, and deprive tenants of the safeguards and protection supplied by the legislature and now in effect.

However, in the case at bar, the plaintiff itself offered proof which established the status of the defendant as a statutory tenant, who cannot be dispossessed under the rent laws so long as he is ready

to pay a reasonable rent. Since the question to be litigated if we reverse because the action is brought on a wrong theory, was already determined on this trial, and as the party who was prejudiced by the court's erroneous ruling does not now complain, it would be a useless procedure to remit the case for another trial.

The judgment is, therefore, affirmed with twenty-five dollars costs.

Judgment affirmed, with twenty-five dollars costs.