440 WEST END AVENUE, INC., Appellant, v. JOHN B. DEMPSTER, Respondent.

First Department, March 3, 1922.

Landlord and tenant — Rent Laws of 1920 suspended right of action by landlord for trespass against tenant of apartment in New York city holding over without permission.

While none of the emergency Rent Laws of 1920 in express terms abolished or suspended the right of action by a landlord for trespass against a tenant holding over without permission after the expiration of his term, such suspension is necessarily implied for the provisions of said statutes legalize the possession of the tenant, and continue, against the will of the landlord, the relation of landlord and tenant, and, in effect, create a statutory tenancy, provided the tenant sees fit to continue in possession.

Accordingly, a landlord cannot maintain an action for trespass against a tenant of an apartment in the city of New York who holds over after the expiration of his term without permission.

APPEAL by the plaintiff, 440 West End Avenue, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 30th day of August, 1921, upon an order granting defendant's motion for judgment on the pleadings and dismissing the complaint.

Plaintiff alleges that it is a domestic corporation; that on or about October 1, 1918, defendant entered into possession of a certain apartment in the premises No. 150 West Eightieth street, Manhattan, pursuant to the terms of a lease in writing between Edith A. Hawk, the then owner of the premises, and him, by which the original term expired on September 30, 1920, but the lease was to continue for a further term of two years if neither party gave notice prior to May 1, 1920, of intention to surrender or have possession of the premises, and that prior to May 1, 1920, the

landlord gave such notice; that the lease further provided that at the expiration of the term the defendant should deliver up the premises; that on the 22d of April, 1920, the lessor sold and conveyed the premises to the plaintiff, and on the 2d of August, 1920, it let said apartment to another to commence on October 1, 1920, at an annual rental of $2,600, but by said lease it did not assume responsibility for delay in giving possession due to the failure of the defendant to vacate at the termination of the lease; that the defendant has refused to deliver up possession of said apartment as provided in the lease, although he had due notice of the lease made by plaintiff and possession has been duly demanded by the plaintiff, and remains in possession and wrongfully withholds the apartment from the plaintiff and his tenant; that by reason of the premises the plaintiff has been damaged and continues to suffer damages in the sum of $7.12 daily, being the daily *pro rata* amount of the rent under the lease made by him, and which amount he is by the lease obligated to pay to his tenant, amounting to the date of the verification of the complaint to the sum of $1,929.52, and in the further sum of $500 on account of defendant's breach of his covenant to surrender possession as agreed.

*M. S. & I. S. Isaacs* [*Lewis M. Isaacs* of counsel], for the appellant.

*Warren C. DuBois* of counsel, for the respondent.

Laughlin, J.:

The point presented by the appeal is whether, in view of our emergency Rent Laws, so called, of 1920 (Laws of 1920, chaps. 136, 942–949), a landlord may maintain an action for trespass against a tenant who holds over beyond the expiration of his term. It is perfectly clear that by those statutes the Legislature has forbidden the removal of a tenant who holds over after the expiration of his term, either by a summary proceeding or by ejectment, unless he fails to pay rental for the use of the premises at the former rate without challenging the reasonableness thereof, or to pay a reasonable rental determined in an action for rent as prescribed by said chapter 944. It has been authoritatively adjudged that the statutes are valid enactments. (*Marcus Brown Co.* v. *Feldman*, 256 U. S. 198; *People ex rel. Durham Realty Corp.* v. *La Fetra*, 230 N. Y. 429; *Guttag* v. *Shatzkin*, Id. 647; *Levy Leasing Co., Inc.,* v. *Siegel*, Id. 635.) None of the statutes in express terms abolished or suspended the right of action for trespass; but that, I think, is necessarily implied, for the provisions legalize the possession of the tenant and continue, against the will of the landlord, the relation of landlord and tenant, and, in effect, create a statutory tenancy, provided the tenant sees fit to continue in possession.

(See *Paterno Realty Co.* v. *Hattenbach*, 115 Misc. Rep. 400; *1217–1221 Madison Ave. Corp.* v. *Hyman*, N. Y. L. J. May 10, 1921; *Guttag* v. *Shatzkin*, 194 App. Div. 509.) In *Farnham Realty Corp.* v. *Liberman* (197 App. Div. 947) this court affirmed an order overruling a demurrer to a defense interposed in an action like this, where damages for the trespass were alleged on the basis of the rent reserved by the landlord by a lease of the premises to another after the expiration of the term of the tenant in possession, which rental was alleged to be the fair rental value of the premises. The defense there pleaded was that the landlord demanded an unreasonable increase in the rent, and that the tenant refused to pay it and offered to pay a reasonable rental, and that the rent demanded in the complaint was unreasonable. In that case the tenant, instead of challenging the landlord's right to sue him for trespass, apparently assumed that the landlord was attempting to recover rent or for the use and occupation of the premises as authorized by said chapter 944, and interposed a defense which was authorized by that statute. The landlord demurred to the defense, and the demurrer was overruled at Special Term and by this court without opinion in either court. The record, therefore, does not show whether the court construed the complaint as an action for trespass, which would not lie, on which theory it would have been immaterial whether or not the defense was good, or whether the court construed the complaint as for rent or use and occupation to which the defense would have been clearly authorized. In *Paterno Realty Co.* v. *Hattenbach* (*supra*) the opinion shows that the court did not consider that an action for trespass would lie in such case, but disposed of the appeal on the theory on which the cause was tried, namely, that the action was deemed to be one for the recovery of rent or use and occupation. In *1217–1221 Madison Ave. Corp.* v. *Hyman* (*supra*) plaintiff alleged that the tenant held over without its consent, and demanded damages. The tenant regarded the action as one under said chapter 944 for rent, and pleaded the defense thereby authorized, and demanded a bill of particulars. The court held that the action could not be maintained as one for trespass, but that it might be maintained as an action for use and occupation, and that, therefore, plaintiff should furnish a bill of particulars as required by the statute. In the case at bar, however, the tenant, instead of attempting to elect to regard the action as one for rent or for use and occupation, and answering, interposing the defense authorized by the statute, demurred, evidently with a view to testing the right of the landlord to maintain an action for trespass. Both parties concede that the complaint is in tort for trespass. I am of the opinion that the action cannot be maintained for the

reason that the complaint shows that the defendant, by holding over after the expiration of his term, is lawfully in possession and has become a statutory tenant and is liable to the landlord only for a reasonable rental while he sees fit to remain in possession.

It follows that the judgment should be affirmed, with costs.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment affirmed, with costs.