Hetty Quel, Appellant, *v.* Alija L. Goldstein, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1923.

Landlord and tenant — rent laws in New York city — holdover tenant — practice — when landlord entitled to judgment on agreed statement of facts. -

While the rent laws were enacted for the protection of the tenant against the rapacity of certain landlords they should not be made an instrument by which a tenant can defeat a just claim.

A careful reading of the rent laws shows that a tenant remaining in possession after the expiration of his term may challenge the claim of the landlord for rent at the former rate only by interposing a defense that such rent is unjust and unreasonable.

A complaint in an action for rent alleged that the plaintiff and the defendant on June 15, 1921, entered into a written agreement for the lease of an apartment in the city of New York for the term of one year and three months from July 1, 1921, at the agreed rental of $1,500 per annum payable at the rate of $125 on the first day of each month, in advance; that at the expiration of the term the defendant held over; that plaintiff elected to hold said defendant as a tenant for one year from October 1, 1922, and that no part of said sum of $125 had been paid as rent for the month of October, 1922. The answer denied all the allegations of the complaint, except that defendant admitted that she is in possession of the leased premises. It also alleged as an affirmative defense that

the rent demanded by the complaint was unjust, unreasonable, oppressive and exorbitant.  At the opening of the trial the court reserved decision on defendant's motion to dismiss the complaint and thereafter the case was submitted upon an agreed statement of facts, not objected to by defendant, which substantiated the allegations of the complaint.  The only additional fact agreed upon was that the defendant paid rent under the written lease during its term but had paid no rent on October 1, 1922.  *Held,* that as the allegations of the complaint and the agreed facts showed the existence of a promise of defendant, implied by law, to pay the agreed rent during her continued occupation of the premises, a judgment dismissing the complaint will be reversed, with costs, and judgment directed in favor of the plaintiff for the sum demanded by the complaint and costs.

The general rule that a landlord may elect to consider a tenant who holds over after the expiration of his term under a written lease as a tenant upon the same terms and conditions as were contained in the lease, has not been abrogated by the rent laws except where these laws give a tenant the right to continue in possession with or without the landlord's consent, and in the absence of allegation in the complaint or proof that the premises were " occupied for dwelling purposes " or that defendant was in possession on October 1, 1920, the court had no right to assume that said rule of law did not apply and that the tenant's occupation was protected by the rent laws, particularly in view of the fact that it was undisputed that the lease under which defendant paid rent for fifteen months was made after October 1, 1920.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, entered upon a verdict in favor of the defendant, dismissing the complaint after a trial before the court without a jury.

*Samuel S. Rubenstein,* for appellant.

*Giden & Giden (Archie Giden,* of counsel), for respondent.

LEHMAN, J.  The complaint herein alleges that the plaintiff and the defendant entered into a written agreement on the 15th day of June, 1921, for the lease of an apartment for the term of one year and three months from the 1st day of July, 1921, for the agreed rental of $1,500 per annum payable at the rate of $125 per month on the first day of each month in advance; that at the expiration of the term the defendant held over and the plaintiff elected to hold the said defendant as a tenant for one year from the 1st of October, 1922, and that no part of the said sum of $125 has been paid as rent for the month of October, 1922.  The answer denies practically all the allegations of the complaint except that the defendant admits that she is in possession of the premises.  It then alleges as an affirmative defense that the rent demanded by the plaintiff herein is unjust, unreasonable, oppressive and exorbi-

tant. It also contains a so-called "defense" that the complaint fails to state facts sufficient to constitute a cause of action. When the case came up for trial the defendant moved to dismiss the complaint and the trial justice reserved decision on that motion. Thereafter the case was submitted to the trial justice upon agreed facts which substantiate the allegations of the complaint. The only additional fact agreed upon is that the tenant paid rent under the written lease during the term of that letting but had paid no rent on the 1st day of October, 1922. The learned trial justice thereupon gave judgment for the defendant. The tenant seeks to sustain this judgment upon the ground that the complaint is based upon an alleged tenancy for one year created by the landlord's *election* to regard the tenant as a holdover; that the plaintiff had no such election because, under the rent laws, at the expiration of the tenant's term the tenant had the right to remain in possession upon the payment to the plaintiff of a reasonable rental and that the evidence does not sustain the cause of action which the plaintiff has attempted to plead. The landlord answers this contention by the claim that since the complaint alleges and the defendant conceded that the written lease which expired on October first was entered into in June, 1921, the tenant could not avail herself of the benefit of the rent laws because these laws are intended to apply only to tenants who were in possession on October 1, 1920 (*Farnham Realty Corp.* v. *Posner*, 200 App. Div. 827), and further that the tenant waived at the trial any defect in the complaint and withdrew her motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The record shows that at the opening of the trial the tenant moved to dismiss the complaint on the general ground that it does not state facts sufficient to constitute a cause of action and the trial justice reserved decision on that motion. The parties then submitted the case to the trial justice, without objection by the tenant, on an agreed statement of facts which substantiates the allegations of the complaint and which also shows that the tenant paid rent under the written lease until October 1, 1922, but has paid no rent since that time. By joining in an agreed statement of facts without objection the defendant has in my opinion waived any defects which may exist in the complaint which can be cured by the agreed statement of facts but has not waived any claim that no cause of action in favor of the plaintiff is made out by these facts. The general rule that a landlord may elect to consider a tenant who holds over after the expiration of a written lease, as a tenant upon the same terms and conditions as

were contained in the written lease has not been abrogated by the rent laws except where these laws give a tenant the right to continue in possession with or without the landlord's consent.  In other words, the rule falls where the legislature has taken away the basis for the application of the rule, but it still applies to all cases except where under the rent laws the tenant, has such new right of possession.  The complaint in the present action does not allege that the premises for which the plaintiff seeks rent are " occupied for dwelling purposes " or that the tenant was in possession on October 1, 1920, and the agreed statement of facts is silent on these points.  Without such allegations or proof we have no right to assume that the general rule does not apply and that the tenant's occupation is protected by the rent laws, especially in view of the fact that it is undisputed that the tenant's written lease under which she paid rent for fifteen months was made after October 1, 1920.  Unless we can presume such facts then the plaintiff's complaint is sufficient and is substantiated by the agreed statement of facts and judgment for the amount of rent demanded should have been granted in her favor.

Even if, however, we assume that the defendant can claim the benefit of the rent laws and is not technically a holdover tenant, the landlord is still in my opinion entitled to judgment in her favor. The tenant is concededly in possession of premises after the expiration of her lease.  The landlord has a right to remove a tenant ·in possession if " he fails to pay rental for the use of the premises at the former rate without challenging the reasonableness thereof, or to pay a reasonable rental determined in an action for rent as prescribed by said chapter 944 " of the Laws of 1920, as amended thereafter. *440 West End Avenue* v. *Dempster,* 200 App. Div. 101.  It is true that this statement of the law might perhaps be considered a dictum on the part of the Appellate Division but in my opinion it correctly and carefully states the law applicable to the present case.  Even though the tenant may claim the benefit of the rent laws, she remains in possession *as a tenant* under an agreement, implied in law, to pay rental at the former rate without challenging the reasonableness thereof or in the alternative to pay the reasonable rental determined in an action for rent as described by the rent laws.  Unless she is able to challenge the previous rate her obligation is to pay rent at that rate.  It seems to me that a careful reading of the rent laws shows that the tenant remaining in possession after the expiration of the term may challenge the claim of a landlord for rent at the former rate only by interposing a defense that such rent is unjust and unreasonable, for the statute provides

that a defendant may plead the statutory defense " in relation to any rent or rental value claimed for a period within three months after the expiration of such term " (Laws of 1922, chap. 664), viz., a term for a year or more where three monthly installments of rent in successive months which accrued under such agreement have not been paid. It would seem that the landlord under the circumstances disclosed here has, therefore, the right to sue a tenant after the expiration of his term for rent or rental value at the rate previously paid by him and that the tenant can challenge the rate only by interposing the defense allowed by the statute, and if that is the case, the allegations of the complaint of the landlord's election to regard the tenant as a holdover might well be disregarded as surplusage if in fact the landlord has no such option and the plaintiff's cause of action be regarded as one for rent or rental value at the rate previously paid. In coming to this conclusion I have not overlooked the fact that the complaint does not allege the payment of the agreed rental during the term granted to the defendant or that the rent is no greater than the rent or rental value paid by the defendant during the month preceding the month which is the basis of the action, but it is agreed by the parties that such payments have in fact been made. The rent or rental value demanded by the landlord is not presumptively unjust, unreasonable and oppressive because rent at the same rate was paid for one year prior to October 1, 1922, and since the tenant has neither complied with the provisions of the law in regard to depositing such rent nor produced any evidence to show that the rent was unjust, unreasonable and oppressive, the landlord was entitled to judgment for the rent or rental value demanded.

The rent laws were enacted for the protection of the tenant against the rapacity of certain landlords and they should be given a construction which will carry out the intent of the legislature but they should not be made an instrument by which a tenant can defeat a just claim. The conceded facts show the tenant is holding over after the expiration of her . term and after paying rental at an agreed rate for fifteen months during such term. The law implies a promise to pay rent or rental value during her continued occupation and the complaint alleges and the agreed facts show the existence of such implied agreement in this case. The implied agreement under the terms of the statute are to the effect that the tenant will continue to pay rent or rental value at the previous rate unless she interposes a defense that such rate is unreasonable and since in the present case the trial justice had the right to strike out such defense and in any event it has not

been sustained by the tenant, the judgment should be reversed, with thirty dollars costs to the appellant, and judgment directed in her favor for the amount demanded in the complaint and costs.

LYDON and BURR, JJ., concur.

Judgment reversed.