DE FOREST ESTATE CORPORATION, Plaintiff, *v.* JOSEPH HALPERT, Defendant.

Municipal Court, City of New York, Borough of Manhattan, Seventh District, October, 1923.

**Landlord and tenant — Emergency Rent Laws have not suspended common-law rule regarding tenants for years who hold over where tenant fails to plead statute.**

The enactment of the so-called Emergency Rent Laws has not done away with the pre-existing common-law rule in regard to tenants for years or a year who hold over after the expiration of their term, where the tenant in an action for rent does not invoke the aid of said emergency laws by pleading the defense which the statute permits him to interpose.

Where, therefore, the tenant of a private dwelling in the city of New York under a lease for a year commencing October 1, 1919, continues in possession of the premises up to about the month of June, 1923, and in an action to recover the rent for the months of June and July, 1923, at the rate previously paid by him does not interpose the statutory defense that the rent demanded is unjust and unreasonable and that the agreement under which it is sought to be recovered is oppressive, his motion for judgment on the pleadings, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, because being in occupation of the premises on the 1st day of October, 1920, he could not be held as a yearly tenant, since the statute (Laws of 1920, chap. 944) suspended the former rule of law, will be denied upon the ground that the established rule in regard to tenants holding over after the expiration of the term of their lease, as enunciated prior to the enactment of the Emergency Rent Laws, was applicable to the case.

MOTION for judgment on the pleadings.

*Preston B. Handy,* for plaintiff.

*Shapiro & Witte (Samuel Witte,* of counsel), for defendant.

LAUER, J.    This is a motion made by the defendant for judgment on the pleadings.    In the notice of motion the ground on which the application is based is stated to be that " the complaint does not state facts sufficient to constitute a cause of action."

The complaint alleges that on September 4, 1919, the plaintiff and the defendant entered into a lease in writing whereby the plaintiff leased to the defendant and the defendant rented from the plaintiff what is known as apartment No. 24 in the building 100 West One Hundred and Twenty-first street, borough of Manhattan, city of New York, for use as a private dwelling for the term of one year to commence on October 1, 1919, and to end on September 30, 1920, for the yearly rent of $1,000, payable in equal monthly payments in advance on the first day of each and every month during the term; that the defendant entered into possession

under the said lease on October 1, 1919, and continued in possession of the same " up to on or about the month of June, 1922." The complaint then alleges in paragraph IV:

" That after the expiration of the said written lease, to wit, the first day of October, 1920, the tenant, defendant above named, continued in possession and occupation of the said premises, paying to the landlord, who accepted the same, the rent at the same rate as he had previously paid under the aforementioned lease, whereby the said defendant renewed his said tenancy under the terms of the said written lease for a period of one year, commencing on the first day of October, 1920, and ending on the first day of October, 1921, upon the same terms and conditions as in said written lease provided, and the plaintiff thereupon duly elected to continue said lease for the said new term."

By paragraph V it is alleged:

" That on the first day of October, 1921, the defendant herein again held over and continued in possession and enjoyment of the said premises, paying to the plaintiff as rent therefor the same rent as he had been paying under the terms of the written lease first above mentioned, and the renewal thereof thereafter mentioned, which said sum was accepted by the plaintiff as rent therefor up to on or about the month of June, 1923, defendant thereby electing to renew the existing tenancy on said premises for one year from October 1, 1921, and plaintiff thereby electing to hold defendant for such renewal."

In paragraph VI it is alleged that the monthly payments of rent due in the months of June and July, 1923, under the terms of the written lease and the renewals of the same, amounting to one hundred and sixty-six dollars and sixty-six cents, are due and unpaid; although payment of the same has been duly demanded, no part thereof has been paid. The plaintiff, therefore, asks judgment for the rent of eighty-three dollars and thirty-three cents with interest for the month of June and eighty-three dollars and thirty-three cents with interest for the month of July, 1922.

The answer of the defendant denied each and every allegation contained in paragraphs IV and V of the complaint and demanded judgment dismissing the complaint.

If we regard the motion made as one for the dismissal of the complaint because it does not state facts sufficient to constitute a cause of action, we would be obliged to disregard the answer and consequently the denials of paragraphs IV and V of the complaint, but if we regard the motion as for judgment on the pleadings, the denial of the allegations of paragraphs IV and V of the complaint is to be considered. In any event, counsel for both parties

concede that the situation presented by this motion raises the question as to whether or not, since the enactment of chapter 944 of the Laws of 1920, the right of a landlord to hold a tenant as a holdover has survived 'the enactment of that statute in the case of residential property in the city of New York.

As stated in the brief of counsel for the defendant: " The tenant, the defendant herein, claims that said complaint does not state facts sufficient to constitute a cause of action, because the defendant, being in occupation on the 1st day of October, 1920, of premises let and used for dwelling purposes, could not be held as a tenant for another year, since chapter 944 of the Laws of 1920 suspended the former law."

Chapter 944 of the Laws of 1920 became effective September 27, 1920, and amended chapter 136 of the Laws of 1920, which went into effect on April 1, 1920. This law has since been amended by chapter 434 of the Laws of 1921 and chapter 664 of the Laws of 1922. Chapter 136 of the Laws of 1920, by section 1, declared the existence of a public emergency in the judgment of the legislature by reason of the exaction by landlords of unjust, unreasonable and oppressive agreements for the payment of rent from tenants " under stress of prevailing conditions whereby the freedom of contract has been impaired and congested housing conditions resulting therefrom have seriously affected and endangered the public welfare, health and morals in certain cities of the state   *   *   *." This section then provided: " It shall be a defense to an action for rent accruing under an agreement   *   *   *   that such rent is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppressive." This provision has remained unchanged as it was originally enacted in chapter 136 of the Laws of 1920. It is to be noted that the statute gave the right to the tenant to interpose the defense that the agreement was oppressive and the rent unjust and unreasonable. The statute requires in the event that that defense is interposed the tenant deposit the amount of rent then due at the rate of his last payment, and provides that he thereafter and during the pendency of the action pay to the landlord the rent as it accrues. It is to be noted also that in the present case no such defense is interposed in the defendant's answer. It must be presumed, therefore, that the tenant did not desire to invoke as a defense the claim that the rent which had been paid was unreasonable or unjust, because apparently the defendant paid from October, 1919, to June, 1922, a period of two years and nine months, the same rent which it is now sought to recover for the months of June and July of 1922.

By section 3 of chapter 136 of the Laws of 1920, which sub·

sequently became section 4 and remained unchanged in chapter 944 of the Laws of 1920, the right to recover either in the same action or in a separate action " a fair and reasonable rent for the premises " was given to the landlord.   Presumably this was intended to cover a case where the tenant interposed the defense that the agreement was oppressive and the rent unjust and unreasonable.

Prior to the enactment of these so-called emergency rent laws, in the language of Judge Earl in the case of *Schuyler* v. *Smith,* 51 N. Y. 309, 313, the law was " too well settled to be disputed that where a tenant holds over after the expiration of his term the law will imply an agreement to hold for a year upon the terms of the prior lease."   This statement of the law has reference to a case similar to the one under consideration, where a tenant holds over, under a lease for a year or more.   The learned judge, citing with approval the case of *Conway* v. *Starkweather,* 1 Den. 113, states that it was held in that case that the act of the tenant in holding over gave the landlord the right to treat him as a tenant for another year; and it was not in his power to throw off that character, however onerous it might be.

The theory on which the tenant is held for another year is stated by Judge Woodworth in an early case in the Supreme Court of this state, that of *Bradley* v. *Covel,* 4 Cow. 349, 350:   " Where there is no new stipulation, an implication arises of a tacit consent on both sides."   The term of the tenant was fixed for another year in the absence of any express agreement of the parties and even though the rent had been increased.   See *Stern & Co.* v. *Avedon & Co., Inc.,* 194 App. Div. 433, 437; affd., 231 N. Y. 546; *Sutherland* v. *Stein,* 92 N. Y. Supp. 314; *Haynes* v. *Aldrich,* 133 N. Y. 287, 291.

So far as I know, no rule at common law was more firmly fixed than the one under consideration.   This rule gave the option to the landlord of regarding the tenant as a trespasser or as holding over for another year.   See *Schuyler* v. *Smith,* 51 N. Y. 309.   The emergency laws took away from the landlord the power to enforce covenants to quit in leases, even though such leases were made prior to the enactment of the laws.   *People ex rel. Durham Realty Co.* v. *LaFetra,* 230 N. Y. 429, 449.   These laws deprived the landlord of his possessory remedies; that is, they took away from him the right to recover his property either by summary proceedings or by action in ejectment.   From this it has been argued and has been held that the tenant may not be regarded as a trespasser.   *440 West End Ave., Inc.,* v. *Dempster,* 200 App. Div. 101, 104.   In that case the court said that " the defendant (tenant) by holding over after the expiration of his term is lawfully in pos-

session and has become a statutory tenant and is liable only for a reasonable rental while he sees fit to remain in possession." In the present case neither the lawfulness of the tenant's possession nor the reasonableness of the rent is in question.

The question here presented is whether the mere enactment of the emergency laws has done away with the pre-existing common-law rule in regard to tenants for years or a year who hold over after the expiration of their term in a case where the tenant did not invoke the aid of the emergency laws by setting up the defense which the statute permits him to interpose. It does not follow, it seems to me, that because the tenant is not a trespasser there is no tenure to his tenancy. It is true that in the case of *440 West End Avenue, Inc.*, v. *Dempster, supra*, and in other cases, the courts have referred to the tenants as statutory tenants, or to use the language of the court in the *Dempster* case: "The defendant (tenant) has become a statutory tenant." This does not fix in any way the *term* or *tenure* of the tenant's holding. He is a statutory tenant in the sense that the statute does not permit his removal. The emergency statutes have not denied to the tenant the right to make an agreement with his landlord if the tenant chooses to do so. These laws do not deny to a tenant the right to have a definite term to his tenancy, whether that term is fixed by express agreement of the parties or by implication of law, firmly established and well understood.

In the interpretation and construction of statutes the rule is firmly established that statutes are not to be construed as effecting any change in the law beyond that which is expressed or is necessarily implied from the language used. See 36 Cyc. 1145, and cases cited. It is also a general rule that statutes in derogation of the common law are strictly construed. See 8 Cyc. 376, and cases cited. In express terms the emergency laws do not cover the subject of tenures. In fact, there is nothing in any of the emergency laws affecting the subject. I fail to discover anything in these laws which even expressly or impliedly changes the common-law rule. The fact that certain remedies of the landlord theretofore available to him are taken from him and that a certain other new remedy is given the tenant, not here invoked, does not seem to me to change the rule of the common law under consideration. The implication of a tacit consent of both landlord and tenant for another term, notwithstanding the enactment of the emergency laws, may be said to arise, subject only to the right of the tenant under these laws to plead that the rent is unjust and unreasonable.

In the present case the defendant did nothing until after the

commencement of this action to question the tenure of his tenancy as that of a yearly tenant. It seems to me, therefore, that in this case the well-established rule in regard to holdover tenants as heretofore enunciated should apply. While perhaps in the present case this may work to the tenant's disadvantage because he has removed from the premises, nevertheless, when the present emergency laws expire by limitation, now fixed as February 15, 1924, it might prove very helpful to tenants who have remained over after the expiration of the term of their leases and who continued to pay the old rent without appeal to the courts to determine what was a reasonable rent, to know that they had the right to remain until the expiration of a year at the old rental. It is the law that the landlord, having once elected to regard his tenant as a holdover at the old rent, the tenant has the right to claim the lease to be in existence for the entire year.

If it be the law, as defendant contends, that merely because of the enactment of the emergency laws all tenants who are holding over without express agreements, even though they have not invoked the aid of the statute by questioning the amount of rent which they have paid before the enactment of the statutes, hold without tenure or definite term, then upon the expiration of the emergency laws, fixed by the legislature, these tenants would have no right to continue in possession. It seems to me that we ought not unnecessarily to abrogate the principles of law in respect to the tenure of leases which were in effect before the enactment of the emergency rent laws.

In the cases which are called to my attention in which a contrary holding may seem to have been made, such as the case of *Kentucky Holding Co.* v. *Petry*, 191 N. Y. Supp. 673, decided in the Bronx County Court, and the case of *Quiel* v. *Goldstein*, 120 Misc. Rep. 384, the tenant in every case invoked the defense permitted under the statute of questioning the reasonableness of the rent. In the recent case of *Glenbrook Co.* v. *Hall*, 205 App. Div. 593, the court expressly refrained from passing on the question here involved, saying: " It is not necessary here to decide whether a holdover constitutes a tenant for the year or makes him a tenant at will." There would appear to exist no controlling authority covering the facts of the case under consideration.

Holding the views herein expressed, it follows that the motion for judgment must be denied, with ten dollars costs to abide the event.

Ordered accordingly.