MADELEINE S. STERN, Plaintiff, *v.* THE EQUITABLE TRUST COMPANY OF NEW YORK, as Executor, etc., of JOSEPH ROSENTHAL, Deceased, Defendant.

First Department, February 8, 1924.

Landlord and tenant — yearly lease of apartment in New York city under which rent was payable monthly in advance, expired September 30, 1921, — lessee refused to pay increased rent and refused to deliver possession under Emergency Rent Laws (Laws of 1920, chap. 944, as amd.) — lessee continuing in possession is not holdover tenant and implied lease for year does not arise — lessee continued in possession until his death on January 2, 1922, and widow and children occupied premises thereafter until July 1, 1922 — estate of lessee is liable for rent for time lessee occupied premises, including the month of January, 1922 — estate is not liable for rent during occupancy by widow and children.

A tenant of an apartment in New York city who remains in possession under the Emergency Rent Laws (Laws of 1920, chap. 944 as amd.) after the expiration on September 30, 1921, of the yearly lease under which the rent was payable a month in advance, and refuses to pay the increased rent demanded by the landlord, is not a holdover tenant under an implied agreement with the landlord for a renewal of the lease for a like term, but is a statutory tenant entitled to continue in possession of the premises at will, subject only to his liability to pay the landlord a reasonable rental during his occupancy.

Accordingly, where such lessee remained in possession until his death on January 2, 1922, his estate is liable only for the difference between the amount paid by him on account of rent for the months of October, 1921, to January, 1922, inclusive, and the reasonable rental value of the apartment for that period, and is not liable for the reasonable rental value of the apartment from February 1, 1922, to July 1, 1922, during which period it was occupied by the widow and children of the lessee.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*M. S. & I. S. Isaacs* [*Lewis M. Isaacs* of counsel], for the plaintiff.

*Louis Werner* [*Samuel L. Jackson* of counsel], for the defendant.

MERRELL, J.:

The plaintiff is a resident of the borough of Manhattan, in the city, county and State of New York, and is of full age, and the defendant is a domestic corporation organized and existing under and by virtue of the laws of the State of New York, having its principal place of business at No. 37 Wall street, in said borough of Manhattan. The plaintiff during all the times mentioned in the agreed submission was and is the owner in fee simple of premises situate at No. 970 Park avenue, in the said borough of Manhattan, said premises being an apartment house building. On or about March 8, 1918, the plaintiff duly leased to one Joseph Rosenthal an apartment in said apartment house at 970 Park avenue, known as apartment No. 7, north. for a term of three years, commencing October 1, 1918, and ending September 30, 1921, said leased premises to be occupied as a private dwelling apartment only, at an annual rental of $4,200, payable in equal monthly installments of $350 in advance on the first day of each and every month during said term. The lease contained the usual covenant empowering the landlord to institute dispossess proceedings in case of the tenant's default in keeping any of the covenants of the lease, and providing for a cancellation thereof in the event of such default of the tenant and permitting the landlord to re-enter and repossess himself of said premises.

Pursuant to said lease the said Joseph Rosenthal, the lessee, together with his family, consisting of his wife and two children, occupied the leased premises during the entire term of said lease. Prior to the expiration of the lease and in or about April, 1921, the plaintiff demanded a rental of $7,500 per annum for the year commencing October 1, 1921, and ending September 30, 1922. Rosenthal refused to pay the increased rental upon the ground that the same was unreasonable. The parties failed, prior to the expiration of the three years covered by the said lease, to agree to any renewal thereof. On or about August 31, 1921, the plaintiff demanded possession at the expiration of the term, but the lessee, Rosenthal, under the protection of chapter 944 of the Laws of 1920 and the laws amendatory thereof, known as one of the Emergency Rent Laws or the Emergency Housing Laws, refused to deliver up possession at the termination of said lease, and remained in possession of the said premises.

Under a stipulation entered into between the plaintiff and the said Joseph Rosenthal under date of October 14, 1921, the said

Rosenthal paid to the plaintiff the sum of $350 for the month of October, 1921, being the amount of the monthly rent paid prior to the 1st of October, 1921, without prejudice to the rights of either party, and the said lessee paid the additional sums of $350 during and for each of the months of November and December, 1921, and January, 1922, under the provisions of said stipulation. A copy of the stipulation is annexed to the submission, marked Exhibit A, and reads as follows:

" STIPULATION.

" The undersigned owner and occupant, having entered into a lease dated March 8th, 1918, of Apartment No. 7 North, in the building known as No. 970 Park Avenue, and said lease having expired and the said occupant having retained possession of said apartment after the expiration of said lease, herewith pays to the owner $350.00 on account for said apartment for the month of October, 1921, and the owner acknowledges receipt of that amount, such payment and the acceptance thereof being without prejudice to any right of either party.

" The payment and acceptance of like amounts in the future shall be deemed to have been made and received under like · conditions.

" Dated, NEW YORK, *Oct.* 14, 1921.

" BING & BING, *Agent*
" By M. SLOMAN (signed)
" *Owner.*
" JOSEPH ROSENTHAL (signed)
" *Occupant.*"

Joseph Rosenthal, the tenant under said lease, died on or about January 2, 1922, leaving a last will and testament, which was duly admitted to probate in the Surrogate's Court of New York county on or about January 27, 1922, and letters testamentary on his estate were, on or about that day, issued to the defendant, the Equitable Trust Company of New York, the executor and trustee named in said will, and the said defendant duly qualified and has ever since that time been acting as such executor and trustee.

The widow and two children of the said Joseph Rosenthal continued in the possession of said premises after the death of the said Joseph Rosenthal until on or about the 1st day of July, 1922, all the household effects and belongings remaining therein until said date, when the widow and two children of said Rosenthal vacated said apartment, removing all of said household effects at said time, and thereupon the plaintiff re-entered into the pos-

session of said premises and thereafter entered into a lease thereof to commence on the 1st day of October, 1922, giving possession of said premises to the new tenant on September 1, 1922, for which right of possession for said month of September the new tenant paid to the plaintiff the sum of $500.

After the death of said Joseph Rosenthal, the plaintiff received from his widow $116.67 for each of the months of February, March and April, 1922, and from the defendant, as trustee for the two children of said Rosenthal, the sum of $466.67 on March 9, 1922, and from said trustee the further sum of $233.33 on April 3, 1922, which payments by the said trustee were made under the provisions of the will of said Rosenthal permitting the trustee to make expenditures for the maintenance of the two children of the testator until the trust funds in said will established should produce an income for said purpose, all of said sums paid by the widow and by the trustee aggregating the sum of $350 for each of the months of February, March and April, 1922, and all being paid and received under the aforesaid stipulation, without prejudice to the rights of the parties as therein provided. No further payment of any kind has been received by the plaintiff from the defendant, from the estate of Joseph Rosenthal, or from his widow, or from any one else on account of any of said parties.

It is further stipulated in the agreed statement of facts that the fair rental value of said demised premises for the year commencing October 1, 1921, and ending September 30, 1922, was the sum of $6,500.

On or about July 24, 1922, the plaintiff duly filed with the defendant proof of claim for rent and rental value of said demised premises for the period from October 1, 1921, to July 1, 1922, at the rate of $7,500 per annum, or in the aggregate a claim for $6,250, and for interest on the several monthly installments of rent at said date, amounting to $67.10, less the sum of $2,450 credited as payments on account. Thereafter the defendant rejected the said claim.

Upon the foregoing facts the plaintiff claims that she is entitled to judgment against the defendant for the sum of $3,550, with interest on $191.67 from the first day of each of the months of October, November and December, 1921, and from the first day of each of the months of January, February, March and April, 1922, said sums of $191.67 being the difference between $541.67, the monthly rental which under the stipulation of the parties was the fair monthly rental value of the demised premises for the year commencing October 1, 1921, and ending September 30, 1922, and the $350 paid monthly by the testator prior to his death and

by the widow and trustee of the children during the months of February, March and April, 1922. The plaintiff further claims interest on $541.67, stipulated as the fair rental value of said premises, from the first day of each of the months of May, June, July and August, 1922, and also interest on $41.67 from the first day of September, 1922, said last-mentioned sum being the balance remaining after payment by the new tenant of $500 rental for said month of September, 1922.

The defendant denies that the plaintiff is entitled to said sum of $3,550, with interest, as claimed.

The controversy submitted for decision is whether or not upon the stipulated facts plaintiff is entitled to judgment against the defendant for the said sum of $3,550, with interest, as aforesaid. The defendant admits that the plaintiff is entitled to judgment for the sum of $575, being the difference between the sums paid by the said Joseph Rosenthal to the plaintiff for the months of October, November and December, 1921, and the agreed rental value of said premises for said period of time, but denies that said Joseph Rosenthal and the defendant, as his personal representative, is liable for any rent or rental value for any period subsequent to January 2, 1922. It is agreed by the parties that the court shall direct such judgment as shall be proper on the above facts, and that such judgment shall be without costs.

The theory upon which the plaintiff asserts her claim is that by remaining in possession of the demised premises after the 30th day of September, 1921, Rosenthal became a holdover tenant and liable for the rent of said premises for the term of one year, commencing October 1, 1921, and ending September 30, 1922. Undoubtedly prior to the enactment of the so-called Emergency Rent Laws, the one here involved being chapter 944 of the Laws of 1920 and the acts amendatory thereof, a tenant holding over after the expiration of his term became, at the election of the landlord, a tenant for another full year or, as the landlord might elect, became a trespasser upon the demised premises. (*Schuyler* v. *Smith*, 51 N.Y. 309; *Haynes* v. *Aldrich*, 133 id. 287; *Kennedy* v. *City of New York*, 196 id. 19.) As we view it, however, the entire situation in this respect was changed upon the enactment of the so-called Emergency Rent Laws, and that since the enactment of said statutes there is no such tenancy as a holdover as formerly understood, and that under the authorities where a tenant remained in possession of residential property after the expiration of his term he became what the decisions have termed a " statutory tenant " permitted to remain in possession of residential property leased by him after

First Department, February, 1924.        [Vol. 208

the expiration of his lease, subject only to his liability to pay the landlord a fair and reasonable rental for the premises so long as he remained a tenant therein. This court held in the case of *440 West End Avenue, Inc.,* v. *Dempster* (200 App. Div. 101) that the implied intention of the Legislature in enacting chapter 944 of the Laws of 1920 and the statutes amending the same was to abolish or suspend the landlord's right to an action for trespass along with his previous right of action in ejectment or summary proceedings to repossess himself of the demised premises. This court held in *440 West End Avenue, Inc.,* v. *Dempster* that the provisions of the Emergency Rent Laws legalized the possession of the tenant and continued the same against the will of the landlord and that a statutory tenancy was created, provided the tenant saw fit to continue in possession of the leased premises, and that an action of trespass against the tenant could not be maintained for the reason that by holding over after the expiration of his term the tenant was lawfully in possession as " a statutory tenant and is liable to the landlord only for a reasonable rental *while he sees fit to remain in possession.*" This court thus intended to hold that upon the expiration of the term of a lease the lessee under existing statutes could remain in possession of leased residential premises, not as a holdover under any implied agreement with his landlord for a renewal of the lease for a like term as originally provided therein, but rather as a statutory tenant entitled to continue in the possession of the premises at will, subject only to his liability to pay his landlord a reasonable sum as the fair rental value of the premises during his occupancy. We think such was the situation as shown by the stipulated facts upon the present submission. At the expiration of the term of his lease on September 30, 1921, Rosenthal refused to accede to plaintiff's demand for the increased rental and insisted on remaining in possession of the demised premises under the existing statutes and became a statutory tenant at will liable only to the landlord for the payment of the reasonable and fair rental of the premises so long as he should choose to occupy the same. Under the terms of the original lease the monthly installments of rental were payable in advance on the first of each month of the term. During the months of October, November and December, 1921, and for the month of January, 1922, Rosenthal, then living, paid the plaintiff in advance the same monthly installments of rental as were provided by said lease, the payment for the month of October, 1921, being made under the stipulation entered into between the parties on October 14, 1921, that said sum of $350 for the month of October should be paid by Rosenthal without prejudice to the

rights of either party, and it was further stipulated at that time that " the payment and acceptance of like amounts in the future shall be deemed to have been made and received under like conditions." It thus appears that the parties themselves did not consider that any new contract for the full year had been entered upon, but that at most Rosenthal's occupation of the premises was as a tenant from month to month. From the agreed statement of facts it appears that Rosenthal paid additional sums of $350 each during and for the months of November and December, 1921, and January, 1922, all under the provisions of said stipulation.

We are, therefore, of the opinion that Rosenthal, by holding over after the expiration of the term provided for in his three-year lease, did not become a holdover tenant, and that there was no implied contract between the plaintiff and said Rosenthal that he thus effected a renewal of said lease for the term of one year from October 1, 1921, and that, therefore, the plaintiff is not entitled to recover of Rosenthal's estate the moneys which she claims.

The defendant admits that the plaintiff is entitled to judgment in the sum of $575, being the difference between the sums paid by the said Rosenthal to the plaintiff for the months of October, November and December, 1921, and the agreed rental value of said demised premises for said period of time, but denies that said Rosenthal or the defendant, as his personal representative, is liable for any rent or rental value for any period subsequent to January 2, 1922. Inasmuch as said rental under the terms of the lease was payable in equal monthly installments *in advance* on the first day of each and every month during the term of the lease, and inasmuch as the parties have stipulated that the fair rental value of said premises after October 1, 1921, was $541.67 per month, we think that the tenant should have paid, as the advance rental for the month of January, 1922, in addition to the $350 which he did pay, the further sum of $191.67, and that his failure to pay said balance renders his estate and the defendant herein liable therefor. We are, therefore, of the opinion that there should be added to the $575, for which the defendant admits liability to the plaintiff, the further sum of $191.67, making in all $766.67, for which, together with interest on the sum of $191.67 from the first day of each of the months of October, November and December, 1921, and January, 1922, the plaintiff is entitled to judgment against the defendant, without costs.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Judgment directed for the plaintiff as indicated in opinion, without costs. Settle order on notice.