In the Matter of the Estate of WALTER H. SYKES, Deceased.

Surrogate's Court, New York County, November 17, 1926.

Landlord and tenant — Emergency Rent Laws — decedent leased premises from October 1, 1921, to September 30, 1922, and continued to occupy premises without express agreement, paying same monthly rent up to his death on March 11, 1926 — widow vacated premises April 30, 1926, and tendered rent for month of April — widow became statutory tenant under Emergency Rent Laws and was entitled to vacate premises at will — landlord only entitled to rent for last month during which premises were occupied — holdover rule not restored by Laws of 1922, chap. 664, § 1.

Upon an application by a creditor of decedent's estate to compel the payment by said estate of its claim for the rent of an apartment from May 1, 1926, to September 30, 1926, said claim must be allowed only for the amount of unpaid

rent for the last month during which the premises were occupied, where it appears that decedent leased the premises from October 1, 1921, to September 30, 1922, and continued to occupy said premises without any express agreement, paying the same monthly rental up to the time of his death on March 11, 1926, and that his widow on vacating said premises on April 30, 1926, tendered the amount of the rent for that month, since by reason of the enactment of the Emergency Rent Laws the rule applying to a holdover tenant within the protection of said laws, was abolished, and the widow became a statutory tenant and as such was entitled to vacate the premises at will; therefore, the liability of the estate for the rent terminated when the premises were actually vacated on April 30, 1926.

The holdover rule was not restored by section 1 of chapter 664 of the Laws of 1922.

CLAIM by creditor for rent of premises leased to decedent.

*Spencer, Ordway & Wierum,* for the claimant.

*Duncombe & Duncombe,* for the executrix, respondent.

FOLEY, S. This is an application by a creditor, The Hubert Apartment Association, to compel payment by the estate of its claim in the sum of $1,400 with interest for the rent of an apartment at No. 226 West Fifty-ninth street, New York city, for the period from May 1, 1926, to September 30, 1926. The executrix of the estate resists payment and denies liability in her answer, except for a small amount conceded to be due. The creditor, as landlord, leased the premises to the decedent as tenant for the term of one year, beginning October 1, 1921, at a rental of $2,800 per year. The tenancy appears to have continued until September 30, 1923, when the hiring was renewed in writing at the same rent for another year. There is no evidence in the record to show that any express agreement, either oral or in writing, was made for a renewal of the lease for the period from October 1, 1924, to September 30, 1925, or for the further term from October 1, 1925. But the tenant continued to pay the same monthly rent up to the time of his death on March 11, 1926. His widow (the executrix here) continued in possession until April 30, 1926, when she vacated the premises. At about that time she tendered the rent for the month of April in full payment of her liability to the creditor and she repeats that offer in her answer filed in this proceeding. Proof has been submitted that the creditor was unable to rent the premises after the removal and up to September 30, 1926. On behalf of the creditor, the landlord, it is claimed that by reason of the holding over of the tenant after the expiration of the previous term on September 30, 1925, the hiring was renewed by implication of law on the same terms for a period of one year. On the other hand, the tenant claims that by the enactment of the Emergency Rent Laws the rule of law applying to a holdover tenant within

MATTER OF SYKES. **361**

Misc. 359]     Surrogate's Court, New York County, November, 1926.

the protection of such laws was abolished, that the decedent became a statutory tenant entitled to vacate the premises at will, and that the liability of the estate for rent terminated when the premises were actually vacated on April 30, 1926.

I am of the opinion that the contention of the executrix is correct and that the claim must be allowed only for the amount tendered, representing the unpaid rent of the last month during which the premises were occupied. The decision of the Court of Appeals in *Stern* v. *Equitable Trust Co.* (238 N. Y. 267) is conclusive authority for my determination. Judge POUND in that case stated the controversy to be decided as follows: " The question is as to the effect of the Emergency Rent Laws on the liability of a tenant for a definite term of a year or years who holds over after the expiration of the term and thereby comes within the protection of the laws. (*People ex rel. Durham R. Corp.* v. *LaFetra,* 230 N. Y. 429.) " In deciding this point at issue the opinion held " that the estate of a deceased hold-over tenant under the Emergency Rent Laws is not liable for rent payable after the termination of the tenancy by his death." Counsel for the creditor here seeks to distinguish the facts of that case from those in the present case. He asserts that the rule in *Stern* v. *Equitable Trust Co.* only applies where the landlord attempts to raise the rent above that fixed in the original lease, and only where the tenant remains in possession under the protection of the Emergency Rent Laws after the end of the term. He claims that in the present case no attempt was made to increase the rent, no dispute arose between landlord and tenant, that the statutory protection was not invoked by the tenant, and that thereby the renewal for one year was created by implication or acquiescence of the parties. This distinction finds no support in the opinion of the Court of Appeals. The sweeping effect of the decision is more specifically stated in the opinion of the Appellate Division in the same case (*Stern* v. *Equitable Trust Co.,* 208 App. Div. 13, 17). Mr. Justice MERRELL there writes: " Undoubtedly prior to the enactment of the so-called Emergency Rent Laws, the one here involved being chapter 944 of the Laws of 1920 and the acts amendatory thereof, a tenant holding over after the expiration of his term became, at the election of the landlord, a tenant for another full year or, as the landlord might elect, became a trespasser upon the demised premises. (*Schuyler* v. *Smith,* 51 N. Y. 309; *Haynes* v. *Aldrich,* 133 id. 287; *Kennedy* v. *City of New York,* 196 id. 19.) As we view it, however, the entire situation in this respect was changed upon the enactment of the so-called Emergency Rent Laws, and *that since the enactment of said statutes there is no such tenancy as a holdover as formerly understood,* and that under the authorities

where a tenant remained in possession of residential property after the expiration of his term he became what the decisions have termed a ' statutory tenant ' permitted to remain in possession of residential property leased by him after the expiration of his lease, subject only to his liability to pay the landlord a fair and reasonable rental for the premises so long as he remained a tenant therein." (Italics mine.)

The decision of Mr. Justice LAUER in *DeForest Estate Corporation* v. *Halpert* (121 Misc. 562), in which a contrary conclusion was reached, was made before the decision in *Stern* v. *Equitable Trust Co.* (*supra*) and was overruled by it. It is without application here. Moreover, I find no basis for the argument of the creditor that the enactment of section 1 of chapter 664 of the Laws of 1922 confirmed the right of a holdover tenant to an additional term of one year. That section requires a tenant to assert as a defense the unreasonableness of the rent which accrues in the first three months after the increased rental is demanded. The language of the section, as published in the official edition of the Session Laws, appears to be carelessly drawn. But at most it creates a limitation as to the time of the assertion of the defense by the tenant. The statute cannot be construed to mean that the holdover rule was restored by the Legislature.

Submit decree on notice allowing the claim in the sum of $234.48 only.