TRUE-VALUE SLIPPER AND SANDAL CORP., Plaintiff, *v.* QUAKER MECHANICAL CORP., Defendant.

City Court of the City of New York, Special Term, Bronx County, May 28, 1947.

*I. Allen Lieb* for plaintiff.

*Sol. Polan* for defendant.

BONEPARTH, J. In August, 1941, the plaintiff as tenant and defendant's predecessor as landlord, entered into a lease of premises for commercial purposes, for a term ending January 31, 1947. Pursuant to the terms of that lease, the tenant deposited with the landlord the sum of $1,500 " as security for the full and faithful performance by the lessee of all the terms * * * of this lease. * * * The lessor agrees to apply the security of $1500 * * * towards the payment of the rent * * * for the last four months of the term hereof, provided the lessee has fully and faithfully carried out all the terms * * * of this lease."

Defendant became the owner of the premises and as such landlord received and holds the security subject to the terms of the lease.

A lease containing a similar clause with respect to $500 security was entered into between the same parties for additional space in the same premises.

The leases expired on January 31, 1947.

Thereafter the tenant remained in possession as a " statutory tenant " under the emergency rent laws. In fact, the tenant had so notified the landlord in November, 1946.

The tenant paid the rent for the last four months " under protest ", and after the expiration of the lease, demanded the return of the sums deposited as security, contending that the landlord should have applied these deposits to that rent.

This situation presents the question of the effect of the rent laws, upon the deposit clause in expired leases, when the tenant remains in possession, as here.

In the absence of the rent legislation, the applicable law is expressed as follows:

" A tenant who holds over after the expiration of a definite term for a year or years may be treated by his landlord as a trespasser, or as a tenant from year to year. If the landlord elects to treat the tenant as holding over for another year, the conditions of the original lease apply, except as to duration." (*Kennedy* v. *City of New York*, 196 N. Y. 19, 23.) " A holding over, to be upon the same terms as contained in the original lease, carries with it the necessary implication that all of the covenants which became binding by the execution of the lease continue to remain in full force unless changed conditions appear rendering them inapplicable. We can conceive of no sound reason which would warrant the rejection of any part of the lease upon which the parties agreed. Their relation continued in all respects precisely as if the term had not expired. The holding over constitutes an enlargement of the term and the lease is applied thereto with the same force as though it had been re-executed." (*Baylies* v. *Ingram*, 84 App. Div. 360, 363.)

Plaintiff's argument, therefore, that the landlord should have applied the security to the last four months of the term under the expired lease, accordingly falls, because (except as changed by the rent laws) there has been " an enlargement of the term " and " their relation continued in all respects as if the term had not expired."

What has been the effect of the rent laws? The tenant is not a " holdover " but a " statutory tenant."

In interpreting these statutes, there must be kept in mind the principles that " Common-law rules are to be no further abrogated than the clear import of the language used in the statute absolutely requires." (*Water Power & Control Comm.* v. *Niagara Falls P. Co.*, 262 App. Div. 460, 465); and that " The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied." (*Leppard* v. *O'Brien*, 225 App. Div. 162, 164, affd. 252 N. Y. 563.)

The declaration of public emergency by the Legislature indicates the evil aimed at was unreasonable rents, and the statute was designed to establish " maximum rents for commercial space ". (L. 1945, ch. 3, § 1.)

Accordingly, it has been held, that, while the tenant who holds over after his lease has expired, is not a " holdover " (*Stern* v. *Equitable Trust Co.*, 208 App. Div. 13, 17, affd. 238 N. Y. 267), nevertheless, " the protection afforded the tenant must only be commensurate with the extent of the emergency. The *Stern* case (*supra*) indicates that the Emergency Rent Law of 1920 affected only the term and rental obligation. We are of the opinion that this same rule is applicable under our present emergency regulations and the rights and obligations of the parties under the lease are projected into and become part of the statutory tenancy, except where they are plainly inconsistent with the regulations.

" In view of this determination, it follows that the provision in the written lease which had expired on September 30, 1945, providing against the subletting of the premises without the written consent of the landlord is still binding on this tenant and that the provision in the lease for the waiver of jury trial is likewise binding upon her." (*130 West 57 Corp.* v. *Hyman*, 188 Misc. 92, 93–94. This was a case involving the Federal Rent Regulation for Housing in the New York City Defense-Rental Area [8 Federal Register 13914].)

In *Friedman* v. *Hogan Co.* (188 Misc. 548) a case involving the Business Rent Law (L. 1945, ch. 314), the court held that the same result followed, and said at page 549: " The jury waiver provision in the lease [which had expired] carried over into the statutory tenancy * . * *." (Words in brackets ours.)

In addition thereto, the statute itself gives internal evidence that the Legislature did not intend to abrogate all the terms of such leases.

In section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.) it is provided that no tenant may be removed, notwith-

standing that such tenant has no lease or that his lease has expired, unless " (b) The tenant (1) has violated a substantial obligation of his lease, rental agreement or tenancy, other than an obligation to pay rent * * * " or " (e) The tenant whose lease or rental agreement has expired or shall hereafter expire * * * has refused * * * to execute, upon demand of the landlord, a renewal of the prior lease * * * for a further term of like duration * * * on substantially similar terms and conditions as are contained in such prior lease * * * provided * * * [such] terms * * * are not inconsistent with any of the provisions of this act * * *." (See, also, Business Rent Law, § 8; L. 1945, ch. 314, as amd.)

Accordingly, it is held that the security clause is projected into and becomes a part of the statutory tenancy here. Plaintiff, therefore, under the complaint is not entitled to recover its deposits and the motion for summary judgment is denied. Order signed.