### HERB et al. v. DAY.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

1. LANDLORD AND TENANT (§ 22*)—PAROL LEASE.

Where the parties only agreed in oral discussion on the term of a lease and the rental, without discussing other terms, except that it should be reduced to writing and other conditions added, there was a mere agreement for a lease, and not a parol letting.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

2. LANDLORD AND TENANT (§ 23*)—CREATION OF LEASE.

A parol lease for a year arises when the parties agree upon all the terms, though they intend thereafter to reduce them to writing.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 60; Dec. Dig. § 23.*]

3. LANDLORD AND TENANT (§ 23*)—EXECUTION OF LEASE—PAROL LEASE.

Where the tenant knew that the landlord expected him to execute a valid lease for a year before taking possession, and the landlord stated the terms upon which he would lease when the printed lease was submitted, to which terms the tenant did not object, but took and continued in possession for several months without objection, there was a valid parol lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 60; Dec. Dig. § 23.*] .

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. **LANDLORD AND TENANT (§ 231*)—ACTIONS FOR RENT—DEFENSES—SURRENDER AND ACCEPTANCE.**

The defense of surrender of the premises and their acceptance by the landlord must be established by the tenant, when sued for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

5. **LANDLORD AND TENANT (§ 194*)—SURRENDER OF PREMISES—EVIDENCE.**

The delivery and acceptance of the keys to an apartment, though evidence of a surrender by the tenant, does not of itself constitute a surrender, relieving from liability for rent, unless delivered to one authorized to accept them, and under circumstances justifying an inference that the parties thereby intended to terminate the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. § 194.*]

6. **LANDLORD AND TENANT (§ 231*)—ACTIONS FOR RENT—SUFFICIENCY OF EVIDENCE—SURRENDER OF PREMISES.**

Evidence in a landlord's action for rent *held* not to show that the keys to an apartment were delivered to the landlord's agent when the lease was claimed to be terminated, so as to constitute a surrender.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Jacob Herb and another against James R. Day. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Milton S. Hoffman, of New York City, for appellants.
Bernard Gordon, of New York City, for respondent.

LEHMAN, J. In October, 1911, the defendant's wife agreed to lease an apartment for one year from November 1st at a rental of $55 per month; the lease to be sent to and signed by her husband. On October 26th the defendant sent the plaintiffs the rent for one month. The check was inclosed in a letter which says:

"I came away without the lease this morning, and if I find the same satisfactory to-morrow I will sign and return. I presume it is the usual Polhemus form of flat lease used by this and other responsible offices."

Thereafter the defendant received a lease, not in the Polhemus form, and containing some clauses that were not entirely usual, and which had not been discussed between the parties. This lease was never signed. In November the defendant and his wife entered into possession of the apartment, and continued in possession until the end of April. They then vacated the apartment, leaving the keys with a woman in charge of the apartment house. This woman had complete charge of the house, including the renting of apartments and the collection of rents. As part of her duties she received the keys from outgoing tenants. After the defendant had vacated the premises, the landlord brought this action for the May rent.

[1] The plaintiffs claim that these facts show a valid parol lease

for a year, and the defendant denies the making of a lease, and claims that, if a lease was made, it came to an end by surrender and acceptance. There is no doubt in my mind that no parol lease for a year was made by the defendant's wife. At that time the parties had agreed only on the term and the rental. No other terms were discussed. The parties agreed that the lease should be made in writing, and the writing thereafter proposed by the landlord contained additional terms. It is quite evident, therefore, that the parties had not then agreed upon all the terms of the lease.

[2] It seems to me, however, that thereafter the defendant did for himself enter into a valid parol lease for a year. A lease for a year comes into existence as soon as the parties have come to an agreement upon all the terms, even though they intend thereafter to enter into a written contract as evidence of the prior parol agreement. The same rules that govern the making of other parol contracts are applicable to the making of parol leases. Where one side has stated the terms upon which he will make the contract, and the other side has by words or acts shown an acceptance of those terms, a contract is made between the parties.

[3] In this case the defendant knew that the plaintiffs expected him to enter into a valid lease for one year before he entered into possession of these premises. The plaintiffs stated the terms upon which they would make the lease, when they submitted the printed lease. So far as the record shows, the defendant never objected to any of these terms, and never refused to sign because certain terms were in the lease, but entered without objection into possession, and continued in possession for several months. Knowing that the landlord had offered possession upon certain terms, the defendant, by accepting and retaining possession for months, has clearly evinced his acceptance of these terms, and is bound by his contract. This contract was made by him, and not by his wife, and no question of agency therefore need be considered.

[4, 5] The defense of surrender and acceptance is an affirmative defense, which the defendant must establish. The only evidence in the case of such a surrender and acceptance is the receipt of the keys by the agent. The delivery and acceptance of the keys to an apartment, while evidence of a surrender, does not in itself constitute a surrender. To show a surrender, the tenant must show that the delivery of the keys was made under circumstances justifying the inference that the parties thereby intended to terminate the outstanding term, and was made to a person with authority to terminate a valid lease.

[6] In this case the evidence does not even show that the keys were delivered at the time when it is claimed that the lease was terminated, for the agent was the only witness who testified on this point, and she testified, in answer to the question, "And she gave you the keys when she moved out, the day she moved out in April?" "No, she didn't; she gave me the keys before she moved out." Moreover, while the agent was shown to be authorized to receive the

keys from outgoing tenants, she was not shown to have any authority to terminate valid outstanding leases.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.