MADELEINE S. STERN, Appellant, *v.* THE EQUITABLE TRUST COMPANY OF NEW YORK, as Executor of JOSEPH ROSENTHAL, Deceased, Respondent.

**Landlord and tenant — emergency rent laws — purpose and effect of such laws — duration of possession of tenant permitted to remain in possession of leased premises under such laws.**

The primary purpose of the Emergency Rent Laws is to prevent the wholesale eviction of tenants who are willing to pay a reasonable rent but who cannot agree with their landlords as to the amount to be paid.  By suspending possessory remedies under the lease, these laws extend, against the will of the landlord, the right of the tenant to remain in possession of the leased premises so long as he continues to pay what the laws style " a reasonable rental " or " a reasonable rent or price for their use and occupation."  The tenant thus remains in possession, not by virtue of any agreement, express or implied, either as to duration of term or amount of rent, but by virtue of the compulsion which the law exerts on the landlord to allow him to remain.  The conventional relation of landlord and tenant as to length of term and amount of rent based on offer and acceptance cannot be inferred.  To this extent the landlord has no option and the tenant stands on his statutory rights which become the measure of his term and of his liability.

*Stern* v. *Equitable Trust Company,* 208 App. Div. 13, affirmed.

(Argued April 14, 1924; decided May 20, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1924, in favor of plaintiff

upon the unanimous decision of a controversy submitted under sections 546–548 of the Civil Practice Act.

*Lewis M. Isaacs* for appellant. There is nothing in the Emergency Rent Laws which runs counter to the theory that a hold-over tenant may be held for the term of one year. (*440 West End Ave.* v. *Dempster,* 200 App. Div. 101; *People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *Burckle* v. *Adams Bros. Co.,* 59 App. Div. 109; *Bon* v. *Fenlon,* 88 App. Div. 612; *Kilpatrick* v. *Argyle Co.,* 199 App. Div. 753; 2 Sutherland on Stat. Const. [2d ed.] 745; *Yates Co. Nat. Bank* v. *Carpenter,* 119 N. Y. 551; *Rosin* v. *Ridgerwood Mfg. Co.,* 89 App. Div. 245; *Matter of Carnegie Trust Co.,* 151 App. Div. 606; 206 N. Y. 390; *Dewey* v. *United States,* 178 U. S. 510; *Ives* v. *S. B. R. R. Co.,* 201 N. Y. 271.)

*Samuel L. Jackson* and *Louis Werner* for respondent. The Emergency Rent Laws created a class of tenants, " statutory tenants," who are liable for a reasonable rental for the time that they are in actual occupation of the premises. (*Schuyler* v. *Smith,* 51 N. Y. 309; *Haynes* v. *Aldrich,* 133 N. Y. 287; *Conway* v. *Starkweather,* 1 Den. 113; *Despard* v. *Walbridge,* 15 N. Y. 374; *People ex rel. Durham R. Co.* v. *La Fetra,* 230 N. Y. 429; *440 West End Ave.* v. *Dempster,* 200 App. Div. 101; *Convent Holding Corp.* v. *White,* 117 Misc. Rep. 210; *Weed* v. *Carswell,* 117 Misc. Rep. 542.) The liability of a statutory tenant ends with his death or with his removal from the premises. (2 Reeves on Real Property, 936.)

POUND, J. The question is as to the effect of the Emergency Rent Laws on the liability of a tenant for a definite term of a year or years who holds over after the expiration of the term and thereby comes within the protection of the laws. (*People ex rel. Durham R. Corp.* v. *LaFetra,* 230 N. Y. 429.)

Appellant contends that such a tenant, although he

may be neither evicted as a trespasser, nor bound for another year for the stipulated rent, or the increased rent, if the rent is raised, is held as a tenant for another year at a reasonable rental.

Respondent contends that the Emergency Rent Laws have created a new tenancy and a new class of tenants known as statutory tenants who may at will remove from the leased premises at any time after the expiration of the term, and are liable only for a reasonable rental for the time they are in actual occupation after the expiration of the term agreed on.

The relation of landlord and tenant is always created by contract, express or implied, and will not be implied where the acts and conduct of the parties negative its existence. The rule that a tenant who holds over after the expiration of a definite term for a year or years may be treated by his landlord as a trespasser or as a tenant from year to year, subject to the conditions of the original lease, except as to duration and amount of rent, if the landlord has raised the rent, is based on the theory of an option implied in law, tendered by the tenant to the landlord which he is at liberty to accept or reject. (*Haynes* v. *Aldrich*, 133 N. Y. 287.)   If the elements of offer and acceptance, express or implied, are absent, the relation of landlord and tenant does not exist.

The primary, but not the only, purpose of the Emergency Rent Laws was to prevent the wholesale eviction of tenants who were willing to pay a reasonable rent but who could not agree with their landlords as to the amount to be paid. By suspending possessory remedies under the lease, these laws extended, against the will of the landlord, the right of the tenant to remain in possession of the leased premises so long as he continued to pay what the Laws style " a reasonable rental " or " a reasonable rent or price for their use and occupation." The tenant thus remains in possession, not by virtue of any agreement, express or implied, either as to duration of term

[238 N. Y. 267]     Opinion, per POUND, J.     [May,

or amount of rent, but by virtue of the compulsion which the law exerts on the landlord to allow him to remain.

The tenant does not by remaining in possession tender an option to the landlord to put him out as a trespasser; neither does he tender an option to allow him to remain as a tenant for any renewed or definite term. The tenant does not offer to remain in possession of the premises. He insists upon doing so. The landlord does not accept his proposition. The law forces it upon him. The tenant does not offer any proposition to the landlord upon which the conventional relation of landlord and tenant, as to length of term and amount of rent, based on offer and acceptance, can be inferred. To this extent the landlord is optionless and the tenant stands on his statutory rights which become the measure of his term and of his liability.

In this case the court below based its decision in part on a collateral minor point, not material to the decision (*Stern* v. *Equitable Trust Co.*, 208 App. Div. 13), but on the main question correctly reached the conclusion that the estate of a deceased hold-over tenant under the Emergency Rent Laws is not liable for rent payable after the termination of the tenancy by his death. The question whether the executor as such actually continued to occupy the premises thereafter by leaving the household effects of the deceased therein is not presented with sufficient explicitness by the agreed statement of facts to justify a ruling thereon.

The judgment should be affirmed with costs.

CARDOZO, MCLAUGHLIN, CRANE and LEHMAN, JJ., concur; HISCOCK, Ch. J., and ANDREWS, J., dissent.

Judgment affirmed.