ELIZABETH M. CURTIN, Respondent, v. DAVID B. PORTER, Appellant.

Supreme Court, Appellate Term, First Department, March 7, 1929.

*Gwin & Pell* [*John B. Butler* and *John F. LeViness, Jr.*, of counsel], for the appellant.

*Frank Case Hayden,* for the respondent.

PER CURIAM. This case grows out of the operation of the emergency rent laws.

Plaintiff demised an apartment to the defendant for one year from October 1, 1924, at a rental of one hundred dollars a month, the tenant depositing fifty dollars to be applied to the rent for the last month of the term. After a thirty-day notice to the landlord of his intention to vacate the tenant gave up possession June 30, 1928.

As a result of sections 2 and 3 of chapter 568 of the Laws of 1927, the rent of the tenant's apartment being more than fifteen dollars a room, the premises were taken out of the operation of the housing laws after May 31, 1927; and the landlord contends that although

after the termination of the term the defendant was a statutory tenant, after May 31, 1927, he held over the term under the terms of a yearly lease running from October first to October first, and having vacated the premises in June, 1928, he was liable for rent for the months of July, August and September. In accordance with the plaintiff's claim the justice below awarded summary judgment against the defendant.

The right of election given by the common law to the landlord of a yearly tenant remaining in possession after the expiration of his term to hold the tenant for another year was taken away by the housing laws, which permitted such tenant to occupy the premises for such period as he saw fit and pay a reasonable rent therefor. (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267; *440 West End Avenue, Inc.*, v. *Dempster*, 200 App. Div. 101.) I do not see how upon the expiration of his statutory tenancy May 31, 1927, the plaintiff had any election as of October 1, 1925, the date of the expiration of the first year of the tenancy, to regard the hiring as a yearly one, renewed for an additional year from October 1, 1927. When the defendant's statutory tenancy expired May 31, 1927, the landlord could have either dispossessed him for holding over the term or made an agreement with him for the continued possession of the premises; and it is inferable as matter of law from the fact that plaintiff accepted the June, 1927, rent, and defendant's continued possession paying rent monthly, that the parties agreed upon a monthly tenancy renewed from month to month down to June 30, 1928.

Judgment and order reversed, with ten dollars costs, and motion denied, with ten dollars costs.

All concur; present, LYDON, CALLAHAN and PETERS, JJ.