In the Matter of the Estate of JANET GARLAND, Deceased.

Surrogate's Court, New York County, April 15, 1940.

*Isidor Lazarus*, for the executor, petitioner.

*Poller, Spanier & King*, for the objectant, respondent.

FOLEY, S. In this accounting proceeding of the executor, the objectant corporation asserts a claim against the estate for rent reserved under a written lease renewed for a period of one year by a holding over. The claim is disputed by the executor of the estate of the tenant on two grounds: *First*, that there was no holding over sufficient in law to constitute the decedent a tenant for another year, and *second*, that there was a surrender and acceptance of the demised term. Claims of the nature of that asserted here not infrequently arise in the administration of estates, because of the death of the decedent during the term of the lease (written, oral or by implication of law) or by the interposition of the defense of

surrender and acceptance, with an alleged consequent cancellation of the liability for rent for the unexpired term.

For a period of approximately four years prior to the period in dispute here, the landlord, the Franklin Towers Operating Corporation, leased to the decedent a suite of two rooms. The term of the last written lease was one year, which would expire on September 30, 1938. The testatrix concededly lived there to the time of her death on December 29, 1938. The rent was paid to and including the month of January, 1939. The landlord seeks to recover the rent accruing thereafter up to September 30, 1939, on the theory that there was a renewal of the lease for a period of one year by reason of the holding over after the expiration of the written lease. It is conceded that no written lease for the period covered by the claim was ever executed.

It is well settled that a tenant who holds over after the expiration of a definite term for a year or years, may be held, at the option of the landlord, as a tenant for a year upon all the conditions of the original lease. (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267; *Schuyler* v. *Smith*, 51 id. 309; *Haynes* v. *Aldrich*, 133 id. 287; *Kennedy* v. *City of New York*, 196 id. 19, 23.) This is " on the theory of an option implied in law, tendered by the tenant to the landlord which he is at liberty to accept or reject " (*Stern* v. *Equitable Trust Co.*, *supra*, p. 269), and the implication follows from the fact of holding over unless the act cannot be said to be a voluntary one, due to the exigency of circumstances involving danger to the life of the tenant or some member of his family. (Cf. *Herter* v. *Mullen*, 159 N. Y. 28.) The exception just stated has no application to the situation here.

In the present case the tenant remained in possession for almost three months after the expiration of the lease. It appears that she was in ill health and was not expected to live very long, but there is no evidence that it would have been perilous to move her. In fact the very opposite appears from the account filed by the executor. wherein he explains the reasons for the rejection of the claim. He there stated that " she could have been moved to a hospital or elsewhere, for even greater comfort than at this hotel, if there had been the slightest suggestion of obligation for a year at the hotel by staying." Her act in remaining was, therefore, a voluntary one and made her a tenant for another year. There was, moreover, no evidence whatsoever of any agreement between the parties in respect of the tenant's holding that it was from month to month of for any other period less than the term of a year. The landlord, thus, had the right to treat the holding over as an agreement to

remain as tenant for another year upon the same terms and conditions as were contained in the written lease.

The second defense of surrender and acceptance is likewise unestablished by the evidence. The burden of proof to establish a surrender rests upon the tenant. (*Levitt* v. *Zindler*, 136 App. Div. 695, 696; *Herb* v. *Day*, 139 N. Y. Supp. 931; 2 McAdam on Landlord and Tenant [5th ed.], pp. 1347, 1364.) The surrogate holds that not only has the executor failed to establish such defense, but that the evidence shows that no such surrender was in fact accepted by the landlord. A surrender is a yielding of the term to the landlord by mutual agreement. Like any other contract, the surrender can be consummated only by the consent of both contracting parties. (2 McAdam on Landlord and Tenant, [5th ed.] p. 1347; *New Amsterdam Casualty Co.* v. *National Union F. Ins. Co.*, 151 Misc. 894; *Matter of Grugan*, 128 id. 586.)

The surrogate as the trier of the facts accepts as true the testimony of Mr. Midonick, who was the active officer and representative of the landlord in the transactions. The surrogate rejects as incredible the contradictory testimony of Mr. Rosen, the executor, who is also the sole legatee under the will. Mr. Midonick's testimony clearly shows that no surrender and acceptance of the premises ever occurred. The admissions of the executor, made upon the witness stand, confirm the absence of any surrender and acceptance and show that the representative of the landlord never yielded his position, that the lease was existent and that the estate was liable for the accruing monthly rent. Independent of the oral testimony, the correspondence in evidence between the parties likewise confirms the conclusion that the estate was never released from liability by mutual agreement. The alternative contention of the executor that the estate was discharged by the change of lock on the door leading into the apartment and by the installation of a new lock is overruled. The inference from the evidence is clear that such change was made at the suggestion of the executor and that he had access after the event by the new key given to him. There is likewise no foundation in fact or under the law for his final alternative contention of a surrender and acceptance by the landlord in renting the apartment to a new tenant in August, 1939. This reletting was made pursuant to an express agreement between the officer of the landlord and the executor and the amount received has been properly credited against the gross liability of the estate. Further authority to relet the premises, as the agent of the tenant, is found in the terms of the last written lease signed by the decedent, which apply to the holdover term. (*Kennedy* v. *City of New York*, 196 N. Y. 19, 23; *Stern* v. *Equitable Trust Co.*, 238 id. 267; *Schuyler*

v. *Smith*, 51 id. 309.) Where there is an agreement, express or implied, that such reletting may be made on behalf of the tenant, the act does not operate as a matter of law as a surrender and acceptance of the premises. ( *Underhill* v. *Collins*, 132 N. Y. 269.)

The claim of the landlord corporation is allowed in the sum of $850. The personal claim of the executor is allowed in the amount set forth in his account.

Tax costs. Submit decree on notice settling the account accordingly.