In the Matter of the Estate of PHILIP WEINBERG, Deceased.

Surrogate's Court, New York County, November 7, 1941.

*Arthur Richenthal*, for the petitioner.

*Kleiner & Britwitz [Joseph Kleiner* of counsel], for the respondent.

FOLEY, S. The only issue in this accounting proceeding arises out of the claim of 222 West 83rd Street Corporation, based upon a lease of an apartment to the decedent. The lease was by its terms to expire on September 30, 1939. The decedent remained in possession of the apartment until his death on March 7, 1940.

His confinement to the apartment beyond the term of his lease was made necessary because of a heart ailment so grave that any attempt to remove him would have been fatal. The rent for the apartment has been paid to and including the month of March, 1940. Possession of the apartment had been surrendered to the landlord during that month.

The claimant seeks to recover the rent for the period beginning April 1, 1940, and ending September 30, 1940. It originally based its right to this relief upon two alternative theories: (1) A renewal of the lease for another year from October 1, 1939, by the act of the decedent in remaining in possession of the premises beyond the term of his leave, and (2) damages sustained as the result of an alleged breach of the covenant in the lease to surrender possession of the premises on September 30, 1939.

The surrogate holds that the obligations of the decedent under the lease have been fully discharged. The claim for further sums, either by way of rent or damage, is disallowed.

The contention that the decedent became a tenant for another full year by his remaining in possession beyond the term fixed in the lease has been abandoned by the claimant. In any event, that contention is obviously without merit. (*Herter* v. *Mullen,* 159 N. Y. 28 )

It appears that the landlord had instituted summary proceedings in the Municipal Court, after the expiration of the lease and during the lifetime of the decedent, for the purpose of recovering possession of the premises. After several hearings the court stayed the issuance of the warrant to dispossess pursuant to the provisions of section 1436-a of the Civil Practice Act, upon its finding that the removal of the tenant might cause his death. After the expiration of that stay other hearings were held before another justice and decedent's time to vacate the premises was further extended. The orders granting these stays contained a provision that the decedent must pay for the use and occupation of the premises at the rate fixed in the lease.

Independent proof of decedent's physical condition during the period between September 30, 1939, and the date of his death, has been submitted to the surrogate. Upon such proof, and entirely aside from the identical findings of the learned justices of the Municipal Court, I find that the removal of the decedent at any time during this period was rendered impossible by his serious illness. There was not, therefore, a holding over by the tenant within the meaning of the rule which permits the landlord to continue the lease and recover rent for another year. (*Herter* v. *Mullen, supra; Matter of Garland,* 173 Misc. 832.)

The claim for damages said to have been sustained as a result of the alleged breach of the covenant to surrender possession, is likewise without foundation. Decedent paid the required monthly amounts for the apartment for the period during which he was in possession. That was done pursuant to the orders of the Municipal Court. He has thus satisfied in full the reasonable value of the use and occupation of the premises for the time he remained in them.

The claim of the landlord for special damages in excess of the value of the use and occupation of the premises is predicated upon the loss of rent of the apartment for the remaining months up to September 30, 1940. Prior to the expiration of decedent's lease, the claimant had entered into a separate lease of the same premises with a third party, the term to commence October 1, 1939. The rent reserved in the new lease was slightly lower than that called for in decedent's lease. The new lease was apparently modified by the parties thereto and the tenant under that lease was placed in possession of another and larger apartment without increase of rent. Subsequently he was sued for non-payment of rent and the action was settled and discontinued. The agreement of settlement provided for a payment of a sum of money by the new tenant and the surrender of the premises occupied by him on or before December 31, 1939.

The claimant contends that this new tenant was lost as a result of the failure of decedent to surrender possession of his apartment on the expiration of the term fixed in his lease. As damages for this alleged breach of covenant, it seeks to recover damages measured by the rent of the apartment from April 1, 1940, to and including September, 1940. These damages are not computed upon the lower rent reserved in the new lease, but, somewhat inconsistently, are based upon the higher amount fixed in the lease with the decedent.

In view of the distinctive facts here disclosed, the act of the decedent in remaining in occupation of the apartment was in no sense wrongful, and he cannot be termed a trespasser. (*Herter* v. *Mullen, supra*, 38, 39.) On the contrary, it was done under sanction of the law and by judicial approval of the Municipal Court. (Civ. Prac. Act, § 1436-a.) He is, in such a case, liable for no more than the reasonable value of the use and occupation of the premises until actual surrender. (*Herter* v. *Mullen*, 52 App. Div. 325; *Regan* v. *Fosdick*, 19 Misc. 489, 491.) This amount has been fully paid.

The claim is, therefore, disallowed and the objections of the claimant are overruled.

Submit decree on notice settling the account accordingly.