551 FIFTH AVENUE, INC., Landlord *v.* SOL MASCH, Tenant, and BENJAMIN BROWN, Undertenant.

Municipal Court of the City of New York, Borough of Manhattan, June 8, 1945.

*Pfeiffer & Crames* for landlord.

*Isidor J. Kresel* and *Benjamin Brown* for tenant and under-tenant.

Toney, J. The landlord herein instituted a holdover proceeding against the tenant and undertenant herein upon a petition and precept in which the landlord demands possession of the premises demised to the tenant by an agreement in writing under which the tenant and undertenant came into possession of the premises and the term created by the said agreement by its terms ended on April 30, 1945.

The tenant and undertenant duly appeared upon the return day of the precept, interposed an answer to the petition and filed a demand for a trial by jury of the issues thus raised between the parties.

The landlord makes this application to strike out the demand for a trial by jury upon the ground that the right to such jury trial has been waived by the tenant under the said agreement duly executed by the landlord and the tenant and under which the tenant and undertenant came into possession of the premises.

It is not controverted that the tenant herein occupies business space in the premises referred to herein. Section 8 of chapter 314 of the Laws of 1945 provides as follows: " So long as the tenant continues to pay the rent to which the landlord is entitled, under the provisions of this act, no tenant shall be removed from any business space, * * * notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated * * *." The landlord claims his right to evict the tenant under subdivision (g) of section 8 of said law.

The stipulation contained in the agreement of lease concerning the waiver of a trial by jury reads as follows: " 31. It is mutually agreed by and between the landlord and tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding, or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the tenant's use or occupancy of said premises, and/or any claim of injury or damage."

The tenant claims that the issues involved herein do not arise out of or are in any way connected with the expired lease containing the said waiver; nor do they arise out of any matter in any way connected with the tenant's use or occupancy of the premises under the expired lease. That, by chapter 314

of the Laws of 1945, a new right was created in the tenant to continue to occupy the premises at a statutory rent, at his option, for a term commensurate with the emergency declared to exist by the Legislature, upon complying with the requirements of said statute. That the said waiver in the said agreement is not applicable to the situation here presented and does not bind the parties thereto.

The statute in question does not renew the agreement between the parties. But it continues the tenant in possession of the premises under the essential terms and conditions as existed between the parties during the lifetime of the said agreement, except as to the duration of his term and the rent to be paid by him. The law in question does not set forth the detailed relationship which must exist between the landlord and tenant. It merely modifies such relationship with respect to the duration of the tenant's term and the amount of rent he may be required to pay. (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267.)

He is entitled to occupy the same space and have the same services and facilities as he had when his lease or rental agreement was in force and effect. What these things are and what the full relationship between the parties is, can be defined only by reference to the agreement in force when the statute went into effect.

Subdivisions (b) and (e) of section 8 of the said act indicate the entire absence of an intention on the part of the Legislature to suspend or otherwise interfere with rental agreements between landlord and tenant, except as specifically stated in the act itself to the effect that the tenant may remain in possession of the premises, with some exceptions, during the continuance of the emergency declared, at his option, at a specified rental and upon compliance with certain other requirements of the statute.

Since the rights of the parties are determined by reference to the agreement between them when this law became effective, the stipulation waiving the right to a jury trial contained therein must be held to be still binding and in full force and effect.

It follows that the landlord's motion to strike out the demand for a trial by jury must be granted.