Callahan, J.
(dissenting in part). I dissent from the holding of the majority that the defendant may remain in possession of the premises as a statutory tenant for the duration of the emergency on payment of the emergency rent or such other rent as may be fixed pursuant to law though not under any lease. Neither can I agree with the view expressed in the companion dissent that the defendant should be declared the tenant of the leased premises under the lease at the emergency rent until such time as a reasonable rent in excess of the emergency rent may be fixed in an appropriate proceeding for such purpose.
In my opinion the lease fell with the defendant’s repudiation of the arbitration award determining the rent and the plaintiff is entitled to the immediate possession of the premises. The parties had expressly stipulated that ‘ ‘ no rights shall accrue to either party ”, if the arbitrator’s award was rejected. The making of a lease pursuant to the agreement of the parties was conditioned on acceptance of the rent fixed by the arbitrator. This contract was entire and operative to bind the parties wholly or not at all. The defendant should not be permitted to renege on his agreement and still retain some fruits of performance on the plaintiff’s part.
While the emergency rent laws afford protection to a prospective tenant against exorbitant demands for excessive rent, they do not grant such a person any right to obtain possession of property without the consent of the landlord. When such consent and the resulting possession are based on the understanding that “ no rights shall accrue to either party ” unless the rent to be fixed by a named arbitrator is accepted, it seems to me that this agreement should be enforced according to its terms. The emergency rent laws should not be so construed as to favor the defendant’s repudiation of a solemn covenant by reason of which he was able to acquire possession of premises. This is not a case where the defendant is asked to waive the protection of the statute, but presents rather a situation where he seeks to make affirmative use of the statute in aid of his breach of contract.
The result reached by the majority in this case appears somewhat inconsistent. It is recognized that the vacatur of the arbitrator’s award by the court on the defendant’s own motion (See Matter of Viro Realty Corp. [Belmont], 272 App. Div. 1014, affd. 297 N. Y. 871) leaves the parties in statu quo ante and without any lease, as if the defendant had refused to accept the arbitration award in the first place. Nevertheless, the prevailing view holds that the defendant will be protected in Ms *296 possession of the premises during the emergency and allowed to remain as a statutory tenant so long as he pays the emergency rent or such other rent as may be fixed pursuant to law. However, the status quo ante between the parties was such that the defendant had no possession or right to possession without the plaintiff’s consent. It was agreeable to give this consent only under a lease on certain terms. As the majority opinion says, “ The landlord was at no time under any obligation to lease the vacant space in his building to a tenant not in possession * * (P.285.) This being so, the space should still be available for occupancy by the landlord itself or such other use as the plaintiff may choose for its own advantage.
The majority decision, however, deprives the plaintiff of this right and the free enjoyment of its property by the imposition of a statutory tenancy in this case. The concept of a statutory tenancy has been recognized as a legal anomaly at best and a creature of necessitous origin under the compulsion of law (Stern v. Equitable Trust Co., 238 N. Y. 267). There is no conventional relation of landlord and tenant as to length of term and amount of rent. The statutory tenant originally in lawful possession with the landlord’s consent is permitted to remain in possession against the landlord’s wishes on expiration of the term. In this case we seem to be going much further in holding that a statutory tenancy exists despite the absence of any conventional relation of landlord and tenant between the parties at the start, and where the defendant obtained the plaintiff’s consent to possession of the premises on the basis of a broken promise or condition subsequently repudiated.
The companion dissent suggests that persons out of possession are acting under greater compulsion than tenants in possession to submit to oppressive demands in order to secure needed space. The fact is that the defendant chose to open a new restaurant and was looking for a location. The plaintiff’s premises apparently answered his purpose with the advantage of a long term lease, and the defendant was agreeable to a rent fixed by arbitration with the right to reject the arbitrator’s award if he saw fit. The course actually pursued by the parties was not permissible under the law then in force. The defendant, however,, was presumed to know the law, and in any event by the terms of his bargain had the free choice to accept or reject the arbitration figure before going into possession of the premises. There was an acceptance or purported acceptance of a rent determined by arbitration followed by possession on the defendant’s part. It can hardly be said that the defendant was acting *297 under any compulsion in making such a choice. The agreement between the parties defined the consequence of the defendant’s failure to accept the arbitration award as nonaccrual of any rights in respect to the premises. There is nothing illegal about such a stipulation. The plaintiff is not obliged to show that the defendant has acted fraudulently in order to enforce this covenant according to its terms.
While the declaration of policy behind the emergency rent law recognizes a breakdown in the freedom of contract with respect to business space (L. 1945, ch. 314, § 1, as amd.) nevertheless there remains a freedom not to contract that would entitle the plaintiff to keep its property idle or available for its own use at such time in the future as events might shape the need. Of this right or advantage, however, our present decision would deprive the plaintiff.
Under a recent amendment to the emergency rent statutes (L. 1949, ch. 535) it is possible for a prospective tenant to consent to a rental in excess of the emergency rent, provided certain recitals are contained in the agreement with the landlord and the tenant is given the right to cancel in sixty days. While it is true that this amendment does not affect the present case, it is not difficult to visualize the situation of a prospective tenant obtaining possession under such agreement for a particular rent in conformity with law and thereafter canceling the lease before the expiration of sixty days. I cannot conceive that this court, would hold that under such circumstances he would be entitled to retain possession of the premises for the full term of the lease or even during the emergency at the emergency rent. There is, however, little difference between such a situation and the present case. It seems to me that in either case a rejection of the bargain or one of its essential terms should end the whole agreement, including any right to possession.
The case of Whiting v. Tower's Stores, Inc. (273 App. Div. 1001) is readily distinguishable. It involved leases of vacant land. The tenant had been in possession under a prior lease for many years and had erected improvements on the land. It executed a renewal lease at a rental in excess of the emergency rent. There was a fire about the time that the new term was to commence. The tenant refused to pay the rent reserved in the renewal lease on the ground that the fire terminated the lease, and also claimed that the reserved rent was illegal in any event so as to invalidate the lease. The landlord, however, sued only for the emergency rent of the demised premises. The *298 lease did not provide for termination in the event of destruction of the buildings by fire. The case thus involved no element of newly acquired possession under a covenant or agreement that all rights of the parties would end on the tenant’s repudiation of the increased rent.
It is said that we are not called upon to decide what the rental may be after the emergency terminates or the term of the lease. It seems to me that the pleadings in this action for declaratory judgment require us to adjudge the rights and obligations of the parties under the agreement made by them. A second action should not be necessary after the emergency ends. One of the documents involved is an alleged lease for a term of ten years. Are we to say that the lease is a binding contract, but not decide its duration? The answer to the troublesome problem, it seems to me, is to hold that no rights accrued to either party under the present circumstances, because they expressly stipulated for such a result if the arbitrator’s fixation of rental value was rejected.
Finally, the fact that the defendant in this case may have spent considerable sums for alterations, etc., of the premises gives him, no right to default on his bargain. There is no more equity in his favor by virtue of such expenditures that would permit or entitle him to oust the plaintiff from possession and enjoyment of its property than would exist in the case of a squatter on land.
The plaintiff should be awarded a judgment declaring that it is entitled to possession of the premises and that the defendant shall be liable for payment of the emergency rent as the reasonable value of the use and occupancy during the period of his possession.
Peck, P. J., and Glennon, J., concur with Cohn, J.; Dore, J., dissents in opinion; Callahan, J., dissents in part in opinion.
Order denying plaintiff’s motion for judgment on the pleadings reversed, with $20 costs and disbursements to the plaintiff and the motion granted to the extent of directing entry of declaratory judgment in favor of plaintiff as indicated in opinion. Order denying defendant’s motion for judgment on the pleadings or for summary judgment, affirmed. Settle order on notice.