Van Voorhis, J.
The order appealed from should be modified by striking out the first defense and the second and third counterclaims. Elimination of the third counterclaim requires that the order be modified also by denying defendant’s motion to implead Albert Salerno and Lawrence Iannotti as defendants.
The validity of the arbitration proceeding, which is the subject of the first defense, may not now be questioned after the expiration of three months from the filing of the award (Civ. Prac. Act, § 1463; Matter of Heidelberg [Cooper], 300 N. Y. 502).
The second counterclaim to recover $14,000 for improvements allegedly made by the tenant, should have been dismissed since the lease was terminated in accordance with its provisions under the decision of the Appellate Term, and on such termination the alleged improvements by the terms of the lease became the property of the owner.
The third counterclaim requires further discussion. It is based upon subdivision (4) of section 8 of the Commercial Bent Law (L. 1945, ch. 3, as amd. by L. 1949, ch. 534), on the theory that plaintiff and the impleaded defendants conspired in bad faith to remove defendant from possession of commercial space upon the pretext that plaintiff desired possession of the demised premises for its immediate and personal use, but actually in order to let to others at higher rentals.
Defendant was a statutory tenant, subject to the protection of the Commercial Bent Law, but the argument in support of the third counterclaim overlooks the fact that the demised premises have been adjudged, by a final order in a former special proceeding between the same parties, to have been totally damaged and rendered wholly untenantable by fire. The tenancy was terminated, not under subdivision (4) of section 8 of the Commer *725 cial Bent Law for the reason that plaintiff demanded possession for its immediate and personal use, hut due to the termination of the landlord and tenant relationship pursuant to an applicable clause in the lease, on account of the destruction of the building due to the casualty mentioned. The emergency rent laws do not purport to impose an obligation upon landlords to reconstruct buildings totally destroyed by fire for the benefit of their former tenants; any obligation to do so must be found in some covenant in the lease itself, carried over into the statutory tenancy by operation of law (Stern v. Equitable Trust Co. 238 N. Y. 267). This lease contains no such covenant, except in event that the demised premises be but partially damaged by fire. We do not now need to rule upon what would be the effect of partial destruction by fire upon a statutory tenancy. After providing for partial damage, paragraph 11 of the lease continues : ‘ ‘ But if the demised premises are totally damaged or are rendered wholly untenantable by fire or other cause, and Landlord shall decide not to rebuild the same, or if the building shall be so damaged that Landlord shall decide to demolish it or to rebuild it, then or in any of such events, Landlord may, within ninety (90) days after such fire or other cause, give Tenant a notice in writing of such decision, which notice shall be given as in Article 32 hereof provided, and thereupon the term of this lease shall expire by lapse of time upon the third day after such notice is given and Tenant shall vacate the demised premises and surrender the same to Landlord.”
The complaint alleges that “ On July 5, 1948, a fire occurred in the premises demised to the defendant which spread to and totally destroyed the said building within the meaning of paragraph 11 of the said lease ”; that “ On August 18,1948, plaintiff duly gave notice to defendant of plaintiff’s termination of said lease in accordance with the provisions of paragraph 11 thereof ’ ’; and that “ By the terms of said lease its term expired upon the third day after such notice was given and the tenant, the defendant herein, was required to vacate the demised premises and surrender same to the landlord, plaintiff herein ”, which defendant refused to do. The complaint further alleges that plaintiff thereupon commenced a summary proceeding to evict defendant in the Municipal Court, which granted a final order in favor of the tenant that was reversed on appeal by the Appellate Term, which awarded a final order of dispossession to plaintiff, in an opinion which stated that: “ The evidence clearly shows destruction of the building within the meaning of *726 paragraph 11 of the lease.” Both the Appellate Term and the Appellate Division denied leave to appeal.
The final order of dispossession thus entered upon the order of the Appellate Term, which terminated in favor of the landlord the said special proceeding between the parties to this action, constituted a conclusive determination that the demised premises were “ totally damaged ” and “ rendered wholly untenantable ” by the fire alleged in the complaint herein which occurred on July 5, 1948. Under the terms of the lease the landlord was not required to restore the building to the same condition in which it had existed before the fire, but could at its option “ decide to demolish it or to rebuild it ”, in either of which events the tenant was required at the landlord’s election to vacate possession.
The third counterclaim contained in the answer, which is under discussion, is sought to be sustained on its allegation “ That the landlord never did rebuild the said premises but merely repaired the damages caused by the fire and made minor alterations therein and now holds the said premises, previously occupied by this defendant, in the expectation of leasing the same to others, at a substantially higher rent, the preinises being in substantially the same condition as they were before the fire * * This allegation contradicts the final determination in the former proceeding that the premises were totally damaged and were rendered wholly untenantable within the meaning of the lease, and seeks to have that adjudication reconsidered and overruled.
This counterclaim, as has been stated, is based upon the theory that plaintiff could not have gained possession of the premises in the summary proceeding in the Municipal Court except upon the false representation that it desired to use them for its immediate and personal use, and the conclusiveness of the dispossess order is sought to be undermined on that ground. The final order in the summary proceeding determined no such thing. It held that the building had been totally destroyed within the meaning of paragraph 11 of the lease. This clearly appears from the report of the Appellate Term decision (Airways Supermarkets, Inc. v. Santone (89 N. Y. S. 2d 5), and from the'stenographic minutes of the trial therein, forming part of this record, which shows that the only questions litigated were whether the building was totally damaged and rendered wholly untenantable by fire within the meaning of the eleventh paragraph of the lease, and whether the emergency rent *727 laws applied to such a situation. If they did apply, respondent would have been entitled to remain in possession. These questions, one of fact and the other of law, were both decided in favor of appellant herein. The landlord based its right to possession on the destruction by fire, and did not assert that it intended to. use the premises for its own occupancy. This counterclaim misses the mark in alleging that a contention was made in bad faith in the summary proceeding which was not made at all, and formed no basis for the decision therein awarding possession to the landlord. Defendant cannot relitigate in this action the issue whether the destruction by fire of the demised premises was total, nor is there anything else to be tried under the third counterclaim. The principle of res judicata applies as stated in Schuylkill Fuel Corp. v. Neiberg Realty Corp. (250 N. Y. 304, 308) that the “substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second.” Total damage and untenantability having been established in plaintiff’s favor, plaintiff had the right to compel defendant to vacate the premises, and was allowed to rebuild regardless of its own personal occupancy. This result follows necessarily from the circumstance that the emergency rent laws impose no obligation upon.the landlord to reconstruct for the tenant’s benefit a building totally destroyed by fire; if wholly destroyed, as has been adjudged in this instance, the reconstructed building assumes the status of a new building under section 15 of the Commercial Rent Law, and can be rented accordingly (L. 1945, ch. 3, as added by L. 1946, ch. 272, and amd. by L. 1949, ch. 534).
The order appealed from should be modified so as to deny defendant’s motion to implead Salerno and Iannotti as defendants, and to strike out the first defense and all of the counterclaims except the first counterclaim, and as so modified, affirmed, with $20 costs of the appeal and printing disbursements.
Peck, P. J., Glennon and Cohn, JJ., concur; Dobe, J., taking no part.
Order unanimously modified so as to deny defendant’s motion to implead Salerno and Iannotti as defendants, and to strike out the first defense and all of the counterclaims except the first counterclaim and, as so modified, affirmed, with $20 costs of the appeal and printing disbursements. Settle order on notice. [See 278 App. Div. 765.]