OPINION OF THE COURT
Memorandum.
Order affirmed without costs. On July 29, 2005 landlord served a nonrenewal notice on tenant, informing her that her lease would expire “on or about November 30, 2005” and that her tenancy was terminated as of that date. The notice alleged that landlord sought recovery of the subject rent-stabilized premises for the owner’s not-for-profit nonresidential classroom use (see Rent Stabilization Law of 1969 [RSL] [Administrative Code of City of NY] § 26-511 [c] [9] [c]; Rent Stabilization Code [9 NYCRR] § 2524.4 [b] [1]). By notice of petition and petition dated February 28, 2006, landlord commenced this holdover proceeding.
Tenant moved to dismiss the petition, asserting that her last renewal lease, a copy of which she attached, expired on November 15, 2005 and that landlord had cashed her check for rent for the period from November 15, 2005 to December 15, 2005. Tenant claimed that landlord had thereby created a month-to-month tenancy, which tenancy had not been terminated by service of a 30-day notice, as required by Real Property Law § 232-a. In opposition to tenant’s motion, landlord asserted that because RSL § 26-515 (a) permits a tenant, who is served with a nonrenewal notice pursuant to that provision, to remain in possession until the commencement of a summary proceeding, no month-to-month tenancy was created upon landlord’s acceptance of the November 15th rent check.
*50 RSL § 26-515 (a) states as follows:
“An owner seeking to recover possession pursuant to subparagraph (c) of paragraph nine of subdivision c of section 26-511 of this chapter shall notify the tenant in occupancy not more than one hundred fifty and not less than one hundred twenty days prior to the end of the tenant’s lease term, by mail, of such owner’s intention not to renew such lease in order to recover the dwelling unit for its charitable or educational purposes. The owner may give such notice within one hundred twenty days of the expiration of the tenant’s lease term, provided it may not commence a summary proceeding to recover the dwelling unit until the expiration of one hundred twenty days from the giving of such notice and, provided, further, that the tenant may remain in occupancy until the commencement of such proceeding at the same rent and upon the same terms and conditions as were provided in his or her expired lease. The notice of intention not to renew the tenant’s lease shall be accompanied by a notice on a form prescribed by the division of housing and community renewal setting forth the penalties to which an owner may be subject for his or her failure to utilize the tenant’s dwelling unit for the charitable or educational purpose for which recovery of the dwelling unit is sought.”
Civil Court denied tenant’s motion to dismiss the petition. The court reasoned that section 26-515 (a) specifically provides for the payment and acceptance of rent after the expiration of the lease and prior to the commencement of the proceeding, and does not require service of an additional 30-day notice. In addition, the court relied on the fact that a Division of Housing and Community Renewal rider that was attached to the nonrenewal notice stated that tenant could remain in occupancy at the prior lease rent until the commencement of a summary proceeding. The court found that by tendering rent at the rate set in the prior lease, tenant accepted the “explicit offer” to remain in occupancy until the commencement of the summary proceeding. Accordingly, the court ruled that a 30-day notice was not required and denied tenant’s motion to dismiss the petition. We agree with the Civil Court’s determination.
The clear intent of section 26-515 (a) is to allow an owner who fails to serve the nonrenewal notice prior to 120 days before *51 the expiration of the lease, to serve the notice within 120 days before the lease’s expiration without the owner being forced to renew the lease, or deemed to have renewed it, by his failure to serve the notice 120 days prior to the lease expiration. At the same time, the statute protects a tenant who receives a notice within 120 days prior to the expiration of his lease by extending his right to occupy the premises “at the same rent and upon the same terms and conditions as were provided in his or her expired lease” until the expiration of 120 days from the service of the notice and until the commencement of a summary proceeding. “The tenant thus remains in possession, not by virtue of any agreement, express or implied, either as to duration of term or amount of rent, but by virtue of the compulsion which the law exerts on the landlord to allow him to remain” (Stem v Equitable Trust Co. of NY., 238 NY 267, 269-270 [1924] [discussing a tenant’s right to remain in possession under the Emergency Rent Laws of 1920]). In these circumstances, landlord’s acceptance of tenant’s rent payment for the period from November 15, 2005 to December 15, 2005, subsequent to the expiration of the lease and prior to the commencement of the proceeding, was pursuant to the terms of section 26-515 (a) and did not create a month-to-month tenancy. Thus, the service of a 30-day notice was not required.
Accordingly, the order denying tenant’s motion to dismiss the petition is affirmed.
Pesce, PJ., Weston Patterson and Rios, JJ., concur.