SEVEN ELEVEN FIFTH AVENUE, INC., Landlord, Respondent, *v.* DAVE HERSTEIN CO., INC., Tenant, Appellant.

Supreme Court, Appellate Term, First Department, January 23, 1947.

714

*Robert D. Steefel* and *Gilbert Lazerus* for appellant.

*Philip W. Lowry* and *Clark H. Hebner* for respondent.

EDER, J. This summary proceeding was instituted by the landlord, the owner of the leasehold of the premises in concern against the tenant for nonpayment of rent; possession was sought and also a judgment for the amount of the rent due and unpaid. Landlord recovered and this appeal results.

The original agreement of lease was made on June 18, 1934, and was for a term of five years from February 1, 1935, to January 31, 1940, for the purposes therein described. The rent reserved under the agreement was a fixed minimum rental of $9,000 per annum, payable in equal monthly installments of $750, together with additional rent equivalent to 3% of the tenant's gross sales in excess of $325,000 during each lease year. A lease year was defined as the period commencing February 1st and terminating January 31st of the following calendar year.

On December 21, 1939, the parties entered into an extension rental agreement upon the same terms and conditions as the original lease except that the fixed minimum rental was reduced to $8,500 per year, payable in equal monthly installments and the additional rental was changed to 3% of the excess of the tenant's gross sales above $275,000 per lease year. There followed further extension rental agreements, January 29, 1942, January 14, 1943, and January 18, 1944; the last agreement extended the term for the period of one year terminating January 31, 1945. Each extension was on the same terms and conditions as contained in the original lease, except for the reduction in the fixed minimum rental and the additional percentage rental, as mentioned.

On November 30, 1944, the parties entered into a *new* agreement of lease covering the same premises and for the same purposes as provided in the original lease, for a term of one year from February 1, 1945, to January 31, 1946, at a fixed rental of $14,000 per annum, payable in equal monthly installments of $1,166.57, without provision for the payment of any percentage rent.

As mentioned, the expiration date of the last extension of the original lease was January 31, 1945. On January 24, 1945, seven days prior to the expiration of the last extension of the original lease requiring payment of the additional percentage

rental, chapter 3 of the Laws of 1945, the emergency Commercial Rent Law went into effect. This enactment created, defined and provided for emergency rent for commercial space during the existence and continuance of the emergency. Emergency rent was declared to be the *" rent reserved "* or payable under any lease, agreement or tenancy of commercial space in force on March 1, 1943, plus 15% of such rent (§ 2, subd. [e]). March 1, 1943, is commonly known as the rent " freeze " date.

Section 11 of the Commercial Rent Law (as amd. by L. 1945, ch. 315, § 2) provides that rents frozen and stabilized on January 24, 1945, shall continue to be frozen and stabilized during the continuance of the emergency declared by the act.

Section 14 of the Commercial Rent Law (as renum. and amd. by L. 1945, ch. 315, § 4), so far as here pertinent, provides: " Any lease wherein the specified rent or any part thereof is *variable* according to volume or other criteria of volume of the tenant's business *shall continue without change,* but where such lease provides for the payment of a fixed, basic or minimum rent, such fixed amount shall be subject to the provisions of this act."

The new agreement of lease of November 30, 1944, never became operative; it was disavowed by the tenant who declined to pay the rent reserved therein and elected to avail itself of the statute. Having made the election, it thereupon became a statutory tenant and its statutory rights became the measure of its term and of its liability (*Stern* v. *Equitable Trust Co.,* 238 N. Y. 267, 270).

By the express terms of the statute the emergency rent is declared to be the rent reserved or payable on March 1, 1943. By the terms of the extension rental agreement of January 14, 1943, and which agreement did not expire until January 31, 1944, the rent reserved thereunder is the fixed minimum rental of $8,500 per annum, payable in equal monthly installments of $708.33 and an additional rental of a sum in cash equivalent to 3% of the gross annual sales of the tenant in excess of $275,000 per lease year.

The landlord was therefore entitled under the extension rental agreement of January 14, 1943, to the fixed minimum rental reserved as stated, on March 1, 1943, to wit, $708.33, plus 15% thereof, $106.25, or the sum of $814.58, monthly emergency rent, and, also, to the additional percentage rental reserved thereunder and as therein provided.

During the period in question in this proceeding, February 1, 1945, to January 31, 1946, the gross sales of the tenant, as

defined by the lease agreement of June 18, 1934, amounted to $435,686.25, or an excess over $275,000 of the sum of $160,686.25, 3% of which is $4,820.59 for which judgment was rendered.

The landlord contends that the full emergency rent is the afore-mentioned sum of $814.58 per month, plus the percentage rent. The tenant has paid said sum of $814.58 per month during the period in question, but contends that it is not obligated to pay the additional percentage rental.

It advances the argument that no percentage rent was payable on the rent " freeze " date under the terms of the lease between the parties then in force, since during the lease year February 1, 1943, to January 31, 1944, the gross sales of the tenant did not exceed $275,000; that the landlord is only entitled to 15% of the rent " collectible " on March 1, 1943 and no percentage rent was legally collectible by the landlord on the rent " freeze " date.

This contention is untenable for by the specific definition of the statute (§ 2, subd. [e]) the emergency rent is the rent " reserved " or payable and it is not the sum paid on the rent " freeze " date (*Auswin Realty Corp.* v. *Kirschbaum*, 270 App. Div. 334; see, also, *Adams* v. *Riker Operating Co.*, 296 N. Y. 521).

The tenant makes the further argument that " when a percentage lease, in force on the effective date of the statute, terminates and is superseded by another lease at a flat rental, as occurred in the case at bar on January 31, 1945, the situation is exactly the same as where a percentage lease expired prior to the effective date of the statute " and that " from that time on the tenant is required to pay the emergency rent only, which is to be determined by ascertaining the actual rent collectible on March 1, 1943, plus 15% thereof "; also that the language in section 14 that percentage provisions in leases shall " continue without change " was intended to apply only to leases in force on the date the statute was enacted, and as to such leases, only so long as they continued in force.

This court held in *City of New York* v. *Interboro Fuel Corp.* (185 Misc. 299, opinion by SHIENTAG, J.) that section 14 of the Commercial Rent Law (as amd. by L. 1945, ch. 315), as it relates to variable rent refers to a lease in existence when the law took effect on January 24, 1945, and not to a variable rent lease in force in March, 1943, where the latter lease had since expired and where there was an existing lease providing for a fixed rental.

I do not perceive how this ruling aids the tenant for the last extension agreement of January 18, 1944, was in force on the

date the statute took effect for it expired January 31, 1945, and it was not terminated and superseded by another lease at a flat rental, for the new agreement of November 30, 1944, never became operative as hereinabove mentioned. Also, as pointed out, *supra,* the formula contended for is an erroneous one. The full emergency rent is that claimed by the landlord.

The final order and judgment appealed from should accordingly be affirmed, with $25 costs.

SHIENTAG, J. concurs; HAMMER, J., concurs in result.

Order and judgment affirmed.