In the Matter of BUDGET HOLDING CORP., Petitioner. ALBATROSS COAT CO., INC., et al., Respondents.

Supreme Court, Special Term, Queens County, March 10, 1948.

*Sol O. Maltz* for petitioner.

*Kaiser, Holzman & Justin* for Albatross-Franz Mayer Corp., formerly named Albatross Coat Co., Inc., respondent.

*Archibald Goldstein* for Standard Motor Products, Inc., and another, respondents.

DALY, J. Application for an order fixing the emergency rent of certain commercial space occupied by the respondents. (L. 1945, ch. 3, § 1 *et seq.,* as amd.)

On March 1, 1943, when the rents for commercial space were frozen, the entire premises which are the subject of this pro-ceeding were occupied by one tenant under a lease which provided for a graduated rental. That lease expired or was cancelled some time during the year 1944, and the landlord made leases to the respondents for terms commencing January 1, 1945. The provisions of the Commercial Rent Law (§ 14), respecting the manner of fixing the emergency rent where the lease in force on March 1, 1943, provided for a graduated rental, are inapplicable to leases which were not still in effect on March 30, 1946, the date of the enactment of that amendment (L. 1946, ch. 272). (*Hamilton Holding Corp.* v. *Feldman,* 187 Misc. 541; see, also, *City of New York* v. *Interboro Fuel Corp.,* 185 Misc. 299, 304; *Matter of Traymore Apts., Inc.,* [*Queens Blvd. Real Estate, Inc.*], 192 Misc. 596, decided herewith.)

In its brief the landlord urges, as an additional basis for this proceeding, subdivision (e) of section 2 of the Commercial Rent Law which provides that the emergency rent may be fixed by the Supreme Court on the basis of the rent charged for the most nearly comparable space if the space was not used for commercial purposes on March 1, 1943. In its memorandum it states: " Furthermore, there is no showing that the use on

the freeze date was for commercial purposes." It is true that the petition fails to allege for what purpose the premises were occupied on March 1, 1943, but that omission is insufficient to circumvent the provisions which automatically fix the emergency rent at 15% above the rent reserved on March 1, 1943. Petitioner must affirmatively allege that the space was *not* used for commercial purposes on that date.

In the emergency rent control law the Legislature fixed the emergency rent for most commercial space at 115% of the rent reserved on March 1, 1943. Prescinding from leases executed prior to June 1, 1939, since they are not pertinent here, there are two instances in which the rent charged for the most nearly comparable space may enter into the formula used by the court in fixing the emergency rent, namely, (1) where the commercial space was not used for commercial purposes on the freeze date and (2) where the lease in force on the freeze date provided for a graduated rental. (Commercial Rent Law, § 2, subd. [e]; § 14.) These two situations, however, are mutually exclusive.

In the instant proceeding the landlord, in urging both grounds at the same time, has necessarily negatived each of the possible theories on which it might have succeeded. By alleging, in its verified petition, the existence of a graduated lease on March 1, 1943, it has disproved the possibility that the space was unoccupied, but, as pointed out (*supra*) it cannot recover on the basis of a graduated lease since that lease had expired prior to the enactment of chapter 272 of the Laws of 1946.

The petition is insufficient in law and is hereby dismissed. Submit order.