In the Matter of TRAYMORE APARTMENTS, INC., Petitioner. QUEENS BOULEVARD REAL ESTATE, INC., Respondent.

Supreme Court, Special Term, Queens County, March 10, 1948.

*Benjamin Pollack, J. I. Isaacs* and *Rosario Grillo* for petitioner.

*Myron Sulzberger, Jr.,* and *Harold N. Schwinger* for respondent.

DALY, J. This is a proceeding brought by the landlord for an order fixing the rent of certain business space occupied by the respondent upon the basis of the rent charged for the most nearly comparable business space in the same building or other rental area. The landlord moves for an order vacating the tenant's demand for a bill of particulars. The tenant cross moves (1) for an order dismissing the petition, pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice, on the ground that the court has not jurisdiction of the subject matter of this proceeding; (2) for an order amending its demand for a bill of particulars; and (3) for an order dismissing the petition, pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, on the ground that it is legally insufficient.

On July 11, 1941, the landlord leased the premises in question to the tenant for a three-year period from October 1, 1941, to September 30, 1944. The rent reserved was graduated, being $100 per month for the first year, $110 per month for the second year, and $120 per month for the third year. On September 1, 1944, the parties made a new lease for a one-year period, expiring September 30, 1945, at a monthly rental of $120. On September 7, 1945, they made another lease for the one-year period expiring September 30, 1946, at a monthly rental of $130. Since September 30, 1946, when the last lease between the parties expired, the tenant has been paying rent of $138 per

month which is 115% of the $120 rent reserved on June 1, 1944, the date as of which business rents were stabilized.

The landlord bases this proceeding on chapter 273 of the Laws of 1946, effective March 30, 1946, which amended the business rent control law enacted by chapter 314 of the Laws of 1945. This amendment provided that where the rent reserved in a lease in force since June 1, 1944, or prior thereto was graduated, the provisions of the lease shall determine the rents payable during the term thereof, and upon its expiration the emergency rent shall be a reasonable rent to be fixed upon the basis of the rent charged for the most nearly comparable business space in the same building or other rental area on the date when the application is made.

The lease in effect between the parties on June 1, 1944, was the original three-year lease which expired on September 30, 1944, prior to the enactment of the amendment upon which the landlord depends. It has been held that the 1946 amendment is applicable only to leases which were still effective at the time of its enactment. (*Hamilton Holding Corp.* v. *Feldman,* 187 Misc. 541; see, also, *City of New York* v. *Interboro Fuel Corp.,* 185 Misc. 299, 304█)

Nor does chapter 823 of the Laws of 1947 aid the landlord. That chapter amended the graduated lease provision by adding '' notwithstanding the subsequent modification of any of its terms '', but it did not provide '' notwithstanding the *expiration* of the lease.'' The two one-year leases have been submitted to the court. Each contains thirty-seven clauses fully and completely setting forth the rights of the parties and making no reference to the original lease except to refer to security already on deposit with the landlord. It is apparent that these leases were completely new agreements and in no way constituted a modification of the original lease which had expired.

On a motion to dismiss for legal insufficiency, the petition must be judged solely on the allegations contained therein, the truth of which must be assumed. From the petition we find that the landlord, a domestic corporation, owns the premises in question; that the tenant, a domestic corporation, occupies space therein for business purposes, to wit, a store; that the tenant has, at some time in the past, occupied said store pursuant to a graduated lease which was in force on or before June 1, 1944; that said lease expired on September 30, 1944; and that the

tenant still occupies the premises as a statutory tenant. It is further alleged that rental under the original lease does not provide a reasonable rent to the landlord and that a reasonable rent is $300 per month.

While it is alleged that the tenant still occupies the premises " solely by virtue of the Business Rent Control Law ", it is not alleged that his present statutory occupancy derives from the graduated lease. Moreover, on its face the petition reveals that the graduated lease expired on September 30, 1944, which was prior to the enactment of the 1946 amendment pertaining to leases wherein the stipulated rental was graduated.

Accordingly, the petition is insufficient and the motion to dismiss pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice is granted. This determination renders academic the landlord's motion for an order vacating the tenant's demand for a bill of particulars as well as the other relief requested by the tenant's crossmotion.

Settle order on notice accordingly.